Jones & others v. The State, to use of Blow.

1. Action of debt on a constable's bond. The bond was handed to the clerk of the county court in vacation, who received the same, endorsed it "filed," subscribed his name thereto, and filed it in his office, where it has ever since remained: Held, to be sufficient evidence of the approval of the bond by the clerk, for the statute does not declare that his approval shall be expressed in any particular manner.

2. The failure of the county court to approve of, or reject, a constable's bond, taken by the clerk in vacation, will not invalidate the bond. The duty enjoined upon the county court, in this respect, was intended for the security of the public, and their omission to perform such duty cannot injure the constable and his securities.

Appeal from the Cole Circuit Court.

*A. Leonard for Appellants.*

For the reversal of the judgment, the counsel for the appellants will insist in argument upon the following points and authorities:

1st. In order to give validity to a bond or other deed, there must be a delivery and acceptance thereof.

2d. This is a statute bond, and the acceptance thereof can only be in the mode prescribed by the statute; and if there be no such acceptance, the bond is void.

3d. The statute concerning constables, requires bonds of this description, when given in vacation, to be approved or rejected by the clerk; and when taken by the clerk, to be approved or rejected by the court, at its first term thereafter. Rev. Laws Mo, 116.

4th. The present bond was never approved by the court.

AUGUST TERM,    The tribunal appointed by law for that purpose has never
 1841.          accepted this bond, and therefore it is void.

Jones & ot'rs.
        v.                    *S. M. Bay for Appellee.*
The State.

The appellants here seek to avoid their bond, entered into
by them voluntarily, and in the form prescribed by the sta-
tute, because, as they say, the bond was not accepted in the
manner prescribed by law, nor approved or rejected by the
clerk in vacation, or the county court at its next term there-
after. And herein I contend:

1st. That the provisions of the statute concerning consta-
bles, so far as they relate to the approval or rejection of the
bond by the clerk, in vacation, or the county court at its
next term thereafter, are directory, and intended for the se-
curity of the public, and not for the benefit of the constable
and his securities.

2d. That the statute does not declare that these omissions
of duty on the part of the clerk and county court, shall in-
validate the bond, and there is no rule of the common law
sustaining any such position.

3d. That as the bond was entered into voluntarily, and in
the form prescribed by the statute, and for a *laudable* pur-
pose ; and as the public good requires that official bonds,
thus entered into, should be sustained, the courts will not
hold them invalid unless compelled to do so by some positive
rule of law. See R. C. 1835, title " Constables," p. 116 ;
Post v. Caulk, 3 Mo. R. 35: *U. S. v. Bradley, 10 Peters, 343;*
Morse v. Hodson, et al. 5 Mass. 313 ; 3 do. 86 ; 14 do. 167;
The People v. Collins, 7 John. R. 549 ; Wise v. Blackley, 1
John. Ch. R. 607 ; 3 Monroe, 213, 204; 1 J. J. Marshall,
357 ; 2 do. 416; 2 Bibb, 199 ; 4 Littel, 235 ; 2 do. 306.

4th. That there was a valid *delivery* of the bond to the
proper officer, and by him *accepted* as the official bond of
the constable. And herein it is contended:

First, That a deed may be delivered without any words
passing. " If a man deliver a deed *without* saying *any thing*,
it is a good delivery." 1 Inst. 496. " The delivery is
sufficient without speaking any words." Ib. 360. " And
as a deed may be delivered to the party without words, so

may a deed be delivered by words without any act of deliv- ery." 1 Inst. 360. *Non quod dictum est, sed quod factum est inspicitur.* Thoroughgood's case, 9 Coke R. 137.

Second, The obligors had done all that was necessary on their part to make a complete and valid delivery.

They executed the bond in the form prescribed by the statute, and placed it in the custody of the proper officer, without any condition or limitation, and having thereby parted with all power and control over the bond, the delivery was complete.

Third, The *reception* and *detention* of an official bond, by the proper officer, for a considerable time, without objection, is sufficient evidence of its acceptance. U. S. v. Norvell, Gilpin's D. C. R. 120.

## Opinion of the Court by Tompkins, Judge.

This was an action instituted in the name of the State of Missouri, to the use of Blow, in a justices' court, against Jones, Miller, and Paulsel, on a writing alleged to be Jones' official bond, as constable, for his failing to make return of an execution delivered to him as constable, to be executed. Upon the trial in the justices' court, judgment was given against the defendants, and they removed the cause by appeal into the circuit court of Cole county. In that court the following case was agreed on by the parties, viz: That Jones was elected constable of the township of Jefferson on the 4th day of August, 1838, and that on the 22d day of the same month he as principal, with Miller and Paulsel as securities, signed and sealed an instrument of writing set out in the record, and purporting to be the official bond of Jones as constable: that on the said day of the date of that bond it was offered to the clerk of the county court, as Jones' official bond, and that the clerk received the same, and indorsed it as filed, and to such indorsement subscribed his name, and filed it in his office, where it has ever since remained, and now still remains: that the clerk, at the time of receiving such instrument, was acquainted with the securities, but did

AUGUST TERM, not recollect that he exercised his judgment upon their suf-
1841.      ficiency, or upon the sufficiency of the bond: that the next
Jones & ot'rs. succeeding term of the county court of Cole county was
v.         held, and that neither at that, nor at any subsequent term
The State. of said court was the said instrument of writing either ap-
proved or rejected by the court, nor was it ever presented
to said court for any action thereon: that the clerk never
made any writing or entry either approving or rejecting
such instrument, nor did any act approving or rejecting said
instrument, except as aforesaid. It was also admitted that
Blow obtained a judgment, sued out execution, and deliver-
ed it to Jones, the defendant, as stated in the complaint, and
that Jones failed and neglected to return the said execution,
as charged in the plaintiff's complaint. It was further
agreed, that if upon these facts the court should be of opin-
ion that the writing was obligatory upon the defendants,
Miller and Paulsel as their bond, their judgment should be
given against all the defendants, otherwise it should be given
for them. The circuit court decided that the instrument of
writing was obligatory on all the defendants, as the official
bond of Jones.

To reverse the decision of the court on this point this ap-
peal is prosecuted.

The act respecting constables provides, that the bond shall
be approved of by the court, or clerk in vacation, and if taken
by the clerk in vacation, shall be approved of or rejected by
the court at the next term. The delivery of the bond by
the defendants is admitted, the clerk received the bond from
their hands and marked it "filed," and placed on his files,
which he had no authority in law to do unless he had pre-
viously exercised his judgment on the sufficiency of the
bond, and approved it. This act of the clerk, then, appears
to me to be conclusive evidence that he did approve the
bond: for the law no where declares in what manner his
approbation shall be expressed. See the act at page 116 of
the Digest of 1835. But neither at the next term, nor at
any subsequent term, did the county court express any will
either to approve or to reject the bond. By this neglect of
the county court, the public might be sufferers in case the

*Action of debt on a constable's bond. The bond was handed to the clerk of the county court in vacation, who received the same, endorsed it "filed," subscribed his name thereto, and filed it in his office, where it has ever since remained. Held to be sufficient evidence of the approval of*

securities were insufficient, (and it is not contended that the instrument of writing is not expressed in apt terms,) but certainly the failure of the county court to act on this instrument of writing at the first or any subsequent term, could do Jones and his securities no injury. He wanted the emoluments of office, and he enjoyed them; the action of the court on the bond was required by law only to secure more effectually the interests of the rest of the community.

AUGUST TERM, 1841.

Jones & ot'rs.
v.
The State.

the bond by the clerk, for the statute does not declare that his approval shall be expressed in any particular manner.

It seems then, to me, that this bond ought to be held good against Jones and his security.

In the district courts of the United States it has been decided that the reception and detention of an official bond by the postmaster general, for a considerable time without objection, is sufficient evidence of its acceptance. See 1st Peters' Digest, 383; on this authority, then, as well as on the reasonableness of the thing, we may rest an opinion that the clerk of the county court of Cole county accepted and approved the bond in the sense of the statute. In the United States v. Tuyvy, the supreme court of the United States held that a voluntary bond given to the United States and not prescribed by law, is a valid instrument.

The bond of Jones then is good, because he voluntarily with his securities executed it, and its obligatory character is not invalidated because the act of the legislature required him to execute one, although it has not been approved by the court; as before observed, the omission of the county court to approve this bond, could not possibly injure him and his security, and ought not to impair the security which suitors were intended to derive from the action of the county court.

For the reasons above given, the judgment of the circuit court ought to be affirmed, and in this opinion each member of the court concurs; and it is accordingly affirmed.