JAMES & JEWETT, Appellants, *vs.* DIXON, Respondent.

1. Where an administrator of a deceased partner, upon the neglect or refusal of the surviving partner to give the bond required by the 50th and 51st sections of the 1st article of the administration act (see R. C. 1845, p. 70), gives bond under the 54th section of said article for the due administration of the partnership effects : *held*, that such bond is valid, although it does not appear to have been approved by the county court, and the administrator will be entitled to take possession of the entire partnership effects under sec. 53 of the said article. There is nothing in the statute which makes the approval of the bond a prerequisite to the vesting of the property in the administrator.

2. A *notice* given by the administrator of the deceased partner to the surviving partner, to the effect that, unless such surviving partner gives the bond required by the 50th and 51st sections of the 1st article of the administration act, (R. C. 1845, p. 70,) he, the administrator, will move the county court for an order to take possession of the partnership effects, is a sufficient *citation* within the 53d section of said article.

3. The omission by an administrator to give three weeks' notice of a sale of personalty, will not invalidate the title of a purchaser.

*Appeal from Jefferson Circuit Court.*

This was an action brought to recover possession of certain leasehold property, alleged in the petition to have been formerly held by the defendant, Dixon, in partnership with one Skeel, deceased. Plaintiffs also claimed damages for the detention of said property. The plaintiffs claimed the entire leasehold property, as purchasers at an administrator sale by one Foxton, as administrator of the said Skeel. The said property was taken possession of by the said Foxton, as the partnership effects of the said Skeel & Dixon, and the sale was

made under the 53d section of the 1st article of the administration act. (See R. C. 1845, p. 71.) It appeared in evidence that the county court ordered the said Foxton to give bond " as administrator of the partnership effects ; yet, it did not appear that the bond given by him, under the 54th section of the said 1st article, was approved by the county court. The only *citation* to the defendant under the 53d section of the said 1st article was a *notice*, in the name of the administrator, to the effect that, unless he, Dixon, should give bond, as required by the 50th and 51st sections of the article above referred to, he the said Foxton would move the county court for an order, directing him, the said Foxton, as administrator of the said Skeel, to take charge of and administer the property of the said firm of Skeel & Dixon. The notice was duly served upon defendant. In the inventory made by the said administrator, Foxton, this property was inventoried as a lease to the said Skeel and the said Dixon ; it was not stated to be partnership property. There was only a *two weeks'* notice or advertisement of the sale. There was no special order of the county court for the sale of this leasehold interest. All evidence in regard to the sale was excluded by the court, on the ground that the plaintiffs had not shown that Foxton, as administrator of said Skeel, had complied with the law in giving bond to the satisfaction of the county court, nor any other authority to sell the partnership effects of said Skeel & Dixon. To this exclusion the plaintiff excepted. The defendant, in his answer, denied the existence of the alleged partnership between himself and Skeel.

*Frissell*, for appellants.

*Noell* and *Pipkin*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

1. The approval of the bond by the county court was not indispensable to its validity. Wherever the law requires a bond to be approved, that bond will be binding until it is disapproved, unless it is otherwise expressly declared. When the bond is

approved, the approval will relate to its delivery. There is nothing in the statute which makes the approval of the bond a prerequisite to the vesting of the property in the administrator. (*Jones* v. *State*, 7 Mo. Rep. 81.)

2. As to the notice given by the administrator to the surviving partner, requiring him to give bond for the due administration of the partnership effects, we are of the opinion that it was sufficient. If a citation from the county court had been necessary to divest the property of the survivor, it might have been otherwise. But the law seems to divest the property of the survivor, by requiring the administrator of the deceased partner to include the partnership effects in his inventory, and the surviving partner is only entitled to retain them upon his giving bond, as required by law. If he fails to do this, then he is required to deliver up the partnership effects, as the surviving partner is only allowed to hold the partnership property upon his giving bond; and, as he must be aware of his own default in not giving bond, if he wishes to retain the partnership goods, there is no hardship in holding that a notice from the administrator of the deceased partner is a sufficient citation within the meaning of the law.

3. After the partnership goods or effects are vested in the administrator of the deceased partner, they would seem to be like any other property in his hands to be administered. It has never been supposed that a failure by an administrator to give the requisite notice of the sale of the personalty of the deceased, would affect the title of a purchaser at that sale. There may be such fraud and collusion between a purchaser and administrator as would induce the courts to set aside the sale, but the bare omission to give the required notice has never been thought to impair the title of a purchaser.

The 43d section of the 2d article of the act concerning administration has nothing to do with this matter. It was not necessary to obtain a special order for the sale of this leasehold.

As the particular piece of property in suit was not placed in

the inventory as partnership property, and as it was never sur-
rendered or given up by the defendant, he is at liberty to con-
test the fact of its being partnership property, if he has not by
his own conduct precluded himself from such a defence. As
the administrator did not avail himself of the remedy provided
in the 56th section of the 1st article of the administration law,
we see no reason why, under the circumstances, the surviving
partner may not contest the fact of the partnership in this piece
of property.

The other judges concurring, the judgment will be reversed,
and the cause remanded.