———O———

The State of Missouri to use of Jacob H. Burrough, Administrator *de bonis non* of the estate of William Johnson, deceased, Defendant in Error, *vs.* Sarah L. Farmer, *et al.*, Plaintiffs in Error.

1. *Administrator's bond.—Failure to approve, etc*—The failure of a County or Probate Court to approve an executor's bond does not render it invalid.

2. *Administration—Witness "to contract or cause of action."*—In a suit by an administrator *de bonis non*, against the sureties of the former administrator or executor to recover monies, charged to have come into the hands

of the former administrator as such, and not accounted for by him, *Held*, 1st. That it is no defense to said action for the sureties, to show that certain demands had been allowed against the estate which were barred by the statute of limitations. The question whether such claims were properly allowed, is wholly immaterial and collateral to the issues to be tried, and are not proper subjects of inquiry in the cause :

2nd. That the testimony of the administrator of the former executor who is then dead, was competent to prove payments made by the deceased executor during his life-time, on claims or demands against the estate ; and as to what was said by said executor at the time of said payments. The subject matter of such testimony was not the contract or cause of action then in issue, nor was the witness the other party to the action.

*Error to Cape Girardeau Court of Common Pleas.*

*James B. Dennis*, for Plaintiffs in Error.

*Louis Houck*, for Defendant in Error.

Vories, Judge, delivered the opinion of the court.

This action was brought against the defendant on an executor's bond.

William Johnson died in Cape Girardeau county in the year 1864, leaving a will in which his wife Sarah L. Johnson, John H. Clark and John H. Wilson were named as his executors. The will was proved and recorded in said county, and on the tenth day of August, 1854, the parties named as executors in the will appeared in the proper Probate court and executed their bond in the usual form as the executors of the estate of the deceased in a penalty of twenty-five thousand dollars, with Thomas Johnson, James Cannon and Alfred Lacy as sureties, procured letters testamentary, and entered upon the discharge of their duties as executors. In 1866 Mrs. Sarah L. Johnson was married to James C. Farmer, who is joined in this suit.

John H. Wilson in the year 1865, removed to the State of Mississippi where he still resides. John Clark died in 1868 and W. H. H. Williams was appointed his administrator, and is joined as such as a defendant in this suit.

At the trial the suit was dismissed as to Wilson and Tracy who were not served with process. At the May term of the Cape Girardeau Court of Common Pleas for 1871, (that court

having probate jurisdiction) the letters as aforesaid were re-voked and Jacob H. Burrough for whose use this suit is brought, was appointed administrator *de bonis non* of said estate, and qualified as such.

This suit was brought on the bond executed as aforesaid, by the executors of the estate of William Johnson, deceased, to recover certain sums of money, which, it was charged had come into the hands of said executors as the assets of said estate, and which had not been accounted for by them in the payment of the debts of the estate or otherwise, but had been wrongfully converted to their own use.

The petition further charges, that there were debts proved up against said estate in favor of the guardian of the heirs of one McLean, for over four thousand dollars which remained unpaid, notwithstanding there was money in the hands of the executors applicable to the payment of said debts ; but that the money had been by the executors converted to their own use, and the debts still remained unpaid.

The breaches of the bond were assigned in the petition in the usual form, and damages claimed in the sum of five thousand dollars.

The defendant, Sarah L. Farmer, in her separate answer, admits the execution of the bond sued on, but denies the indebtedness of the estate and claims that she renounced the will and that she has never acted as executrix of the estate of her late husband, and that nothing ever came into her hands as such.

The defendants, James Cannon and Thomas Johnson, deny the execution of the bond and deny that the principals in the bond were the executors of the estate, or that the will was ever probated, or that the principals in the bond ever took upon themselves the administration of the estate. They also deny that the estate was indebted as charged in the petition, and charge that the debts named in the petition as being unpaid were barred by the statute of limitations at and before the time they were proved up and allowed against the estate; and that the demands as proved were barred by the statute

of limitations as to said defendants at the time this suit was brought, &c.

Replications were filed to all affirmative allegations in the several answers. A trial was had before the court, a jury having been waived by the parties.

The plaintiff to sustain the issues on its part, read in evidence, the bond executed by the defendants as charged by the petition. This evidence was objected to by the defendants on the ground that it had not been approved by the Probate court, and because there was no administration under the will. The objections were overruled by the court and the defendants excepted. The plaintiff then offered and read in evidence the letters of administration *de bonis non* issued to Burroughs, and an order of the Probate court directing the former executors to deliver and pay over to him the assets of the estate in their hands.

The plaintiffs then offered in evidence, two allowances of demand, as they appeared on the records of the Probate court against said estate in favor of the guardian of the heirs of McLean. One of these allowances was made on an account, and another on a note. Plaintiff also offered in evidence said note and account with the certificate of their allowance indorsed thereon, together with credits indorsed on said claims of various payments thereon.

When these allowances were read in evidence the defendants Johnson and Cannon moved the court to non-suit the plaintiff, as to said defendants, on the ground that they were the sureties on the bond of the other defendants and that it was shown by the said allowances that they were barred by the statute of limitations at the time they were allowed.

This motion was overruled by the court and the said defendants excepted.

The plaintiff then without objection read in evidence the annual settlement of the executors, Clark and Wilson, made in the Probate court showing the amount of assets in their hands, &c.

The plaintiff then read in evidence from the records of the

Probate court an order by which an auditor was appointed by the Probate court to take an account of the assets of said estate, and the indebtedness thereof, in connection with which an order was also offered showing the report of said auditor and its confirmation by the court with an order made by the court requiring the distributees to refund to the executors certain amounts out of what had been distributed to them for the purpose of paying the debts of the estate.

This evidence was objected to for the reason that it conflicted with other evidence in the case.

This objection being overruled the defendants excepted. The plaintiff then introduced defendant Williams as a witness, who had at one time been the guardian of the McLean heirs in whose favor the claims against the estate named in the petition had been allowed, for the purpose of proving by said witness among other things, the amounts paid by the excutor Clark to him on said claims, and also to prove that other monies of Clark, which had come into his hands while he was such guardian, had been by the direction and consent of Clark applied on other indebtedness of Clark to him in his individual capacity. The defendants objected to this evidence on the ground that Clark, one of the parties was dead, and that Williams the other party to the transaction, was therefore incompetent as a witness to testify in reference to said transaction, and because Williams was testifying in his own favor. These objections were overruled and the defendants excepted.

The plaintiff then introduced oral evidence tending to show the amounts which had come to the hands of the executors to be by them administered and the amount refunded to them by the distributees under the order of the court, &c. It was proved by Mrs. Farmer, that she had renounced the provisions made in her favor by the will of her husband, and had elected to be endowed under the law, and that she had taken no part in the administration of the estate but had entrusted the whole matter to her co-executors. The other defendants objected to this evidence but their objections were overruled, and they excepted.

The defendants offered other evidence tending to show that the executors had paid several amounts on the claims proved up in favor of the McLean heirs, but it was admitted by all parties that nothing had been paid to the McLean heirs on the demands proved in their favor, further than what had already been shown by the credits on the account and note allowed, as read in evidence by the plaintiff. The plaintiff offered to read in evidence the last will of Johnson, deceased, with the proof thereof as indorsed on the same. To the reading of this will the defendant objected, on the grounds that it did not appear that the will had been probated and because it conflicted in some matters with other evidence in the cause. This objection being overruled, the defendant excepted.

No instructions or declarations of law were asked on either side or given by the court, but this case was simply submitted to the court on the facts and evidence.

The court rendered a judgment in favor of the plaintiff for the amount of the penalty of the bond and authorized an execution for the sum of $3,086.00, with costs.

The defendants filed a motion for a new trial assigning some eight or ten causes, covering all of the exceptions taken on the trial, as well as on the ground of newly discovered testimony since the trial, which last ground was supported by several affidavits, also filed. This motion being overruled by the court, the defendants again excepted and have brought the case to this court by writ of error.

There are no questions of law raised in this case, except the admissibility of the evidence objected to by the defendants at the trial, and as to the proper exercise of the discretion of the court in overruling the defendant's motion for a new trial on the ground of newly discovered evidence.

The first objection made by the defendants, is that the court permitted the executor's bond to be read in evidence, when it did not appear that the bond had been approved by the Probate court. It has been frequently held by this court, that an administrator's bond was good; though not approv-

ed by the County or Probate court. (Henry vs. State, 9 Mo., 778; James vs. Dixon, 21 Mo., 538.) The bond was properly admitted in evidence, and the letters testamentary sufficiently show that administration was entered into under the bond and will.

The next objection made by the defendants necessary to notice, is the objection of the defendants to the introduction in evidence of the entries of allowances, made by the Probate court in favor of the guardian of the heirs of McLean, and also to the introduction in evidence of the claims thus allowed with the credits made of the payments thereon.

This evidence was objected to by the defendants, or rather the defendants as the record shows, moved a non-suit on the ground that it appeared by the said allowances that more than three years had elapsed after the granting of letters testamentary and before the demands were allowed, and that they were therefore barred by the statute of limitations.

It seems to me the defendants conducted their defense under the notion that the suit had been commenced for the use of the guardian of the McLean heirs, in place of the administrator *de bonis non* of Johnson's estate.

Whether these claims were properly proved up, or were properly provable against Johnson's estate, is a question wholly collateral to the real matters in controversy - in this suit, and could not be inquired into on the trial thereof.

The question in this case is, did monies and assets come into the hands of the executors of the estate of Johnson for which they have not accounted as such executors; but which have been converted to their own use? It was only necessary for the plaintiff in its petition to refer to any unpaid allowances against said estate, for the purpose of showing that the estate had not been fully administered, and finally settled, so as to authorize an administrator *de bonis non* to be appointed. When such administrator was appointed it is made the duty of the former executors to pay over to him whatever remains in their hands, whether the estate is in-

debted or not. The administrator *de bonis non* when appointed, has the right to sue for and collect the assets for the purpose of properly distributing the same, and when in this case, he recovers the assets, it will then be a question for him to decide whether he will pay the demands in favor of the McLean heirs or not? It may therefore have been immaterial and unnecessary to a recovery by the plaintiff, that the evidence of these demands should have been introduced; but I cannot see how the evidence could effect the right of the defendants. In fact there were various receipts indorsed on these claims in favor of the executors, which would tend to lessen the recovery against them, and to assume as the defendants do, that these claims were barred by the statute of limitations and therefore improperly allowed, would be to charge the defendants with the amount paid by the executors on the same. So that it will be seen, that whatever effect the evidence could have in the case, would be directly in their favor and they have no right to complain.

The defendants objected to the reading of the entries on the records of the Probate court, in evidence, by which it appeared that an auditor had been appointed to inquire into the condition of the estate, and his report to the court and the order of the court requiring the distributees to refund, &c. The ground of the objections was that it conflicted with other evidence in the case. This objection was properly overruled as the objection could only effect the weight to be given to the evidence and not its admissibility.

The next point urged in this court is that the court improperly permitted the defendant Williams, to testify in the case as to what application was made of, certain monies received by him from the executor Clark, in his life-time, and that such application had been made by the direction of, and with the consent of Clark. It was insisted that Clark being dead, the witness was not competent to prove a transaction had between him and Clark in his life-time. It was certainly competent for the witness to testify as to the payments made by Clark to him as the guardian of the McLean heirs in extinguishment

of the demands of the estate, and whatever was said by Clark at the time and forming a part of the transaction was also admissible, and further, the matter to which the witness referred was not the contract or cause of action in issue, but was wholly collateral thereto. How does it come within the exception in the statute, which provides, that where an executor or administrator is a party, the *other party* shall not be admitted to testify in his own favor, unless the contract in *issue* was originally made with a person who is living. Here the witness was not the *other party*. He represented Clark in this suit, and the witness was not testifying in reference to any contract in issue in the cause. It has been repeatedly held by this court, that such evidence is admissible and the witness competent. It is insisted by Mrs. Farmer in this case that she is not responsible for the acts of the other executors in reference to matters in which she did not participate. The bond on which this suit is brought is a joint bond of all of the executors, in which case each is liable as surety for the acts of the other, so far as the acts relate to the business of the estate, and it makes no difference that one of the number did not actively participate in the act. (Lidderdale vs. Robinson, 2 Brock, U. S. C. C., 159; Green vs. Hanberry, *Id.*, 403.)

There were several other objections made by the defendants in their brief filed in the cause, but by an examination of the record the facts do not appear, upon which the objections seem to be founded.

The remaining questions presented are as to the correctness of the finding and judgment of the court on the facts and evidence, and as to the propriety of the action of the court in overruling defendant's motion for a new trial on the ground of newly discovered evidence.

It is insisted by the defendants that the court committed error in the calculations and estimates by which the amount found against the defendants was arrived at; but there is nothing in the record from which we can see how or by what rule or calculation the result was obtained. No instructions or declaration of law were asked or given so as to indicate in

what the assumed error of the court consists or what rule was adopted by the court in arriving at the result, or what evidence was relied on and what was rejected. In such case this court will not interfere, unless something appears on the record from which it plainly appears that a mistake or a palpable miscalculation had been made. Nothing of that kind appeared in this case. We are therefore, not justified in interfering with the finding of the court as to the facts. The affidavits filed in the case, disclosing the new evidence discovered, after the trial are wholly insufficient. The evidence disclosed is of three classes. First, evidence that is only cumulaive disclosing facts already proved or upon which evidence has before been given. Second, evidence which is clearly inadmissible, and would not have been properly admissible if offered on the trial. And third, evidence that for aught that appears could with ordinary diligence have been produced on the trial, and in fact it is shown that the evidence that is thought to be the most material, was known to the witness in court by which the facts could have been proved.

We see no cause to interfere with the judgment in this case. Judges Wagner and Adams not sitting. The other judges concurring, the judgment is affirmed.