### IN

# THE SUPREME COURT

#### OF

## THE STATE OF MISSOURI.

#### JANUARY TERM, 1875, AT JEFFERSON CITY.

---

JOHN GRAVES, Appellant, *vs.* JAMES T. McHUGH, *et al.*, Respondents.

1. *Dram shop keepers—Selling to minors—Action on bond—Bond admissible in evidence without signature of sureties or approval of County Court.*—In suit on the bond of a dram shop keeper, for selling liquor to a minor, the bond is admissible in evidence even without the signatures of two sureties, or proof that it had been approved by the County Court.
2. *Dram shop keepers—Bond, action on—Jurisdiction—Justices' courts.*—Under the statute concerning Dram Shop Keepers, (Wagn. Stat., 552, § 20) an action by the parents of a minor, for the penalty of fifty dollars prescribed, may be brought, against the dram-shop keeper alone, before a justice of the peace; but a justice has no jurisdiction of a joint action against the dram-shop keeper and his sureties for a breach of the conditions of his bond, the amount of the bond being fifteen hundred dollars.

*Appeal from Newton Circuit Court.*

*N. H. Dale,* for Appellant.

*E. L. Edwards & Son, with J. C. Cravens,* for Respondents.

499

HOUGH, Judge, delivered the opinion of the court.

This was an action commenced before a justice of the peace, on a bond executed by the defendant, McHugh, as principal, and his co-defendant, Hutchison, as surety, in the sum of fifteen hundred dollars, under the 6th section of the law in relation to dram shops, to recover the sum of fifty dollars for an alleged breach of its conditions, committed by McHugh, in selling and giving away intoxicating liquors to a minor son of the plaintiff, Graves.

Judgment was given for the defendants by the justice. An appeal was taken to the Probate and Common Pleas Court of Newton county, and on the trial in that court plaintiff offered in evidence a copy of the bond sued on, duly certified by the clerk of the County Court, which was rejected on the ground that it was not signed by two sureties, as required by law, and that it did not appear that it had ever been approved by the County Court. Thereupon plaintiff took a non-suit, with leave to move to set the same aside, and after the proper steps brings the case here by appeal.

The objections made to the introduction of the bond in evidence were not entitled to any consideration, and should have been disregarded. (James vs. State to use of Blow, 7 Mo., 81 ; *Id.*, 458 ; Henry vs. State to use of Russell, 9 Mo., 778 ; State vs. Thomas, 17 Mo.; 503 ; James vs. Dixon, 21 Mo., 538 ; State to use of Young vs. Hasselmeyer, 34 Mo., 76.) But objection is made here that the justice had no jurisdiction, as under the statute in relation to suits on bonds, the judgment, if for the plaintiff, must be for the penalty of the bond. This objection, although not made in the court below is entitled to be heard here.

The statute under which this action is brought, is as follows : "Every dram shop keeper who shall sell, give away, or otherwise dispose of, or suffer the same to be done about his premises, any intoxicating liquors, in any quantity, to any minor, without the permission of the parent, master or guardian of such minor first had and obtained, shall forfeit and pay to such parent, master or guardian, for every such offense

fifty dollars, to be recovered by the party entitled to sue, by civil action in any court having competent jurisdiction against such dram shop keeper, or by suit in such court in the name of the county to the use of such person entitled to sue, on such bond, or a duly authenticated copy thereof, against such dram shop keeper and his sureties, jointly or severally; but every action brought under this section shall be commenced within one year from the time the right of action accrued, and not afterwards." (Wagn. Stat., 552, § 20.)

Two remedies are provided by this section; one against the dram shop keeper alone, which a justice of the peace has jurisdiction to enforce; the other against the dram shop keeper and the sureties on his bond, for a breach of the conditions of the bond, of which a justice has no jurisdiction.

The judgment must therefore be affirmed; the other judges concur, except Judge Vories, who is absent.