BENJAMIN ELLIOTT, Administrator of SAMUEL W. CREASEY, Deceased, Appellant, v. GEORGE G. KEITH, Defendant, and ANN M. KEITH, Interpleader, Respondent.

Kansas City Court of Appeals, October 29, 1888.

1.  Sale of Personal Property : CONSTRUCTION OF SECTION 2505, REVISED STATUTES. The provisions of section 2505, Revised Statutes, relating to the sale of personal property, and as to its delivery, apply to existing as well as subsequent creditors of the vendor.

2.  ——— : CHARACTER OF DELIVERY AND OF CHANGE OF POSSESSION : PROPERTY USED, IN COMMON, BY HUSBAND AND WIFE. There is much personal property connected with the household of a husband and wife, used by them, in common, that may be said to be, in a certain sense, in their joint possession ; and whereby an open, notorious, and unequivocal change of possession, such as is required by the statute between a vendor and vendee, could not well be established by evidence. There must be a change of possession in fact, but regard should be had to that exceptional and peculiar relationship, in passing on the validity of a sale between them.

*Appeal from Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

The case is stated in the opinion.

*Wallace & Chiles*, for the appellant.

( 1 ) The sale of property claimed to have been made by George G. Keith, the debtor in the attachment suit, to the interpleader, who is his wife, through which interpleader claims and on which alone her title rests,

not having been accompanied with a change of possession at any time, and nothing to apprise the public that the property had changed hands, was and is void as to Samuel W. Creasey, who was then a creditor, and void as to his administrator, the plaintiff in attachment. The court erred in giving interpleader's instruction number three, and in refusing administrator's instruction number two, by which this question is directly raised. *Harmon v. Morris*, 28 Mo. App. 326 ; see also *Knoop v. Nelson*, 26 Mo. App. 303, and cases there cited. A contrary conclusion was reached, it is true, by this court in *Worley ex rel. v. Watson*, 22 Mo. App. 546, but it was by inadvertence, and that case is expressly overruled as to that point in the case of *Harmon v. Morris, supra.* ( 2 ) The decision in the case of *Worley v. Watson* not having been known to be overruled when this case was decided, and the appeal, if any, in this case, going to this court, the circuit court below was governed by the ruling in *Worley v. Watson ;* and, therefore, the first instruction asked by interpleader, declaring as a matter of law that she should recover, was given. This was error as the law now stands. See cases above cited. ( 3 ) For the same reasons last stated, the second instruction given on behalf of interpleader was erroneous, and for the further reason that said instruction utterly ignores that any possession was necessary, at all. R. S., 1879, sec. 2505. ( 4 ) The property in controversy in said alleged sale being of the value of thirty dollars and upward, and no delivery having been made, money paid, nor memorandum in writing made of such alleged sale, the same was void, and the second instruction asked for by appellant should have been given. R. S., 1879, sec. 2514. The sale not being good the title did not pass. ( 5 ) All the evidence in the case showing that there was no change of possession under the alleged sale, this case should be reversed and remanded with instructions to the court below to enter up judgment for the appellant.

*J. H. McHatton* and *Graves & Aull*, for the respondent.

(1) The court did not err in giving instruction three for interpleader. There was a consideration of one hundred and twenty-five dollars paid in good faith, and possession given of the property to the wife. The court properly refused instruction two, asked by appellant, because the court did not believe from the evidence "that there was no actual and continued change of possession, or that possession remained with G. G. Keith down to the time of seizure by the sheriff." There was no evidence to base this instruction on. *Machine Works v. Trisler*, 21 Mo. App. 69. (2) The second instruction given for respondent was correct, and appellant can find no error in it. The court declares that "upon the law and evidence, it will find for interpleader." There can certainly be no objection to this. The money was paid and possession given to the wife. Was it necessary for the wife to separate herself from her husband and take the cattle with her? *Schooler v. Schooler*, 18 Mo. App. 69; *Murray v. Fox*, 11 Mo. 555. (3) Even if the money were not paid at the time, if afterwards paid and received, it related back to the time of sale so as to cure the objection of statute of frauds. *Rickey v. Ten Broeck*, 63 Mo. 563. (4) The case was fairly submitted to the court (a jury having been waived) under proper instructions, and the court found for interpleader. We submit that the cause should be affirmed.

ELLISON, P. J.—On September 5, 1887, Elliott, as administrator of Creasey, instituted an action in the Lafayette circuit court against George G. Keith, suing out a writ of attachment in aid of his suit. The sheriff of Lafayette county having levied the attachment on certain property, as the property of the said Geo. G. Keith, Ann M. Keith his wife, the respondent, filed her interplea claiming certain parts of said property, on which issue was had, which constitutes this

action, and the interpleader having prevailed on the trial of said interplea, the administrator appeals to this court.

The court gave the following instructions for interpleader:

"1.   The court declares the law to be that upon the pleading and the evidence the court will find for interpleader."

"2.   The court declares the law to be that if the interpleader Ann Keith purchased the three cows mentioned in the evidence from her husband G. G. Keith for a valuable consideration, to-wit, the sum of one hundred and twenty-five dollars received by her from her relatives and not from her husband, and that the property in controversy is the natural increase from said cows, then the court will find for the interpleader."

"3.   The court declares the law to be that if the sale of the cows from which the cattle in controversy are the increase was valid as between interpleader and her husband, then it was also valid as to the attaching creditor of her said husband, Ben. Elliott, administrator, his claim having risen prior to the said sale between said interpleader and her husband."

The court refused to give the following instructions asked for by the defendant Elliott, administrator:

"1.   If the court believes from the evidence that at the time of the alleged purchase of the cows, from which the property in controversy was bred, by Ann M. Keith, from her husband George G. Keith, there was no price agreed upon for said stock, and in fact there was never any price agreed upon therefor, and said Ann Keith did not take possession of such stock, and that at the time of such alleged sale the said George G. Keith was indebted to Samuel W. Creasey on the note sued on in this case, then such alleged sale was and is void as to Samuel W. Creasey, and as to the said Benjamin Elliott as the administrator, and the court will find against the claim of such interpleader."

"2.   If the court believes from the evidence that at

the time of the alleged purchase of the cows, from which the stock in issue was bred, and of which said stock was the natural increase, by the said Ann M. Keith from her husband George G. Keith, there was no actual and continued change of possession of the said cows so claimed to be sold, but that the possession thereof remained with the said George G. Keith, and did so remain with him down to the time of the seizure thereof by the sheriff under the writ of attachment against the said George G. Keith, and if the jury further believe from the evidence that prior to the time of such alleged sale, said George G. Keith was indebted to the said Samuel W. Creasey on the note sued on in said attachment suit, and is still indebted thereon to the said Benjamin Elliott, as the administrator of the said Samuel W. Creasey, then such alleged purchase and sale of such cows was and is fraudulent and void as to the said Creasey and his administrator, and the court will find for the said administrator and against the claim of the interpleader herein.''

We will reverse this judgment for the error in instructions one and three, given for interpleader. The trial court in passing on these instructions was doubtless acting under the decision of this court in *Worley v. Watson*, 22 Mo. App. 546, wherein it was declared that section 2505 did not apply to prior creditors. That case was overruled. See *Knoop v. Nelson*, 26 Mo. App. 303; *Harmon v. Morris*, 28 Mo. App. 326.

The instructions refused for defendant were correct except as they relate to the question of possession; and the error in this respect lies in not having regard to the relationship of the parties to the alleged sale. There is much personal property connected with the household of a husband and wife, and used by them in common, that may be said to be, in a certain sense, in their joint possession, and whereby an open, notorious and unequivocal change of possession, such as is required by the statute between an ordinary vendor and vendee, could not well be established by evidence. There must be a

change of possession in fact, but the difficulty lies in making it apparent, and in passing on the validity of a statutory sale of personal property.    When the vendor and vendee are husband and wife, I think regard should be had to that exceptional and peculiar relationship.    If the article be a bureau or dressing-case in their bedroom, it could not be expected that it should be given up to the use of one to the exclusion of the other, or that it should be changed to some other apartment.    The statute was enacted to avoid imposition and fraud, as well as may be, by compelling a change of possession contemporaneously with a change of ownership, but when we consider the situation of husband and wife as vendor and vendee, as regards property in daily domestic use, we find that there cannot be that open and notorious change of possession required in ordinary cases. So too, at least in most instances, the same may be said of property under the supervision of the husband, such, ordinarily, as live stock on a farm.    The situation of the parties is such that there cannot be had that evidence of change of possession which would be obtainable in ordinary cases.

Unless, then, we are prepared to say that there cannot be in this state a sale of personal property between husband and wife, we are compelled to recognize the exceptional situation, as vendor and vendee, of such parties.

A question somewhat of this nature was considered in regard to a conveyance from one of three partners to the other two.    *Criley v. Vassel*, 54 Mo. 445.    The question, as it relates to a gift, was considered in *Davis v. Zimmerman*, 40 Mich. 24, and the conclusion of Cooley, C. J., was the same as herein stated.

I would not be understood as saying that there is no way whereby a change of ownership and possession may be established.    A claim of property should, of course, be made, as well as acts of ownership had upon occasion.

The judgment is reversed and the cause remanded. All concur.