[No. 1341.]

IRWIN v. CROOK ET AL.

APPEAL BOND.

On an appeal from the county court to the district court, the county court made an order fixing the time within which the bond should be filed, and directing that it be approved by the clerk. Within the time a bond was presented to the clerk and filed, but he declined to enter an order of approval. On the same day the sureties notified the clerk that they withdrew from the bond, and also notified the obligee in the bond that they withdrew. Afterwards, and

at the same term of court the county court on motion of the principal obligee approved the bond *nunc pro tunc* as of the day of its filing. *Held*, that in an action on the bond an answer by the sureties setting up the foregoing facts and the further fact that the principal obligors had induced them to sign the bond by representation that before filing they would secure the signature of a certain other person as surety and failed to do so, stated no defense to the action, and a demurrer on that ground should have been sustained.

*Error to the District Court of Lake County.*

Mr. N. Rollins, for plaintiff in error.

Mr. C. W. Franklin and Mr. Stephen L. Selden, for defendant in error, John W. Beman, and Mr. A. J. Sterling, for defendant in error, J. J. Crook.

Wilson, J., delivered the opinion of the court.

This action was on a bond given on appeal to the district court from a money judgment by the county court. Upon the rendition of the judgment, the county court made an order fixing the time within which the bond should be filed, and directing that it be approved by the clerk. Within the time limited by the order, a bond apparently regular on its face was presented to the clerk. He filed it but declined to enter an order of approval, because the qualification of the sureties had been before a notary public, and he required that it should be before him. Thereafter and on the same day, the sureties claim that they notified the clerk that they withdrew from the bond, and not to approve nor accept the same. Within eighteen days thereafter, and during the same term, the county court upon motion of the principal obligors upon the bond, vacated the order requiring the bond to be approved by the clerk, and entered an order approving it *nunc pro tunc* as of the date of its filing. The sureties pleaded the facts above stated as a defense, and also that the principal obligors had induced them to sign by a representation that

before filing they would secure the signature of a certain other person as surety, and that they had failed to do this. Upon trial, judgment was rendered in favor of the contesting sureties, the defendants in this case, and an appeal was taken to the supreme court, by whom the judgment of the lower court was reversed. *Irwin v. Crook and Beman*, 17 Colo. 16.

After being remanded to the district court for new trial, the sureties filed an amended answer, in which they set up substantially the facts alleged in their first answer, and the additional averment that on the same day when the bond was presented to and filed by the clerk of the county court, and within a short time after the filing and their notice to the clerk of their withdrawal, they informed plaintiff in the suit that they had withdrawn as sureties, and told him to take such steps as he might think necessary to collect his judgment. To this answer, the plaintiff demurred upon several grounds. The seventh ground was that the amended answer did not contain facts sufficient to constitute a defense, and is the only one which we deem it necessary to consider.

The opinion of the supreme court settles the law of the case, and this court, as well as the district court, must be bound by it. It was sufficiently broad to cover every point raised in this case, and it is clear that under the views there expressed, the amended answer did not state facts sufficient to constitute a legal defense. The court there held that the defendants were estopped from questioning the validity of the bond. It also held that the county court undoubtedly had the power to take the action which it did in making the order *nunc pro tunc* for the approval of the bond. It is true that in the opinion of the court, the justice delivering it commented upon the fact that no notice was given to the obligee in the bond that the sureties had withdrawn, or proposed to withdraw, and to meet this the sureties in their amended answer alleged that such notice was given. We do not understand however, upon a thorough examination of this opinion, that such notice would have been sufficient to effectuate

such a withdrawal.    On the contrary, both the reasoning and the language of the court clearly hold that after the bond had been executed, delivered to and filed by the clerk of the county court, something further was necessary to accomplish this result.    The sureties should have taken some steps to have secured an order from the court itself releasing them from their obligation, and requiring the giving of a new bond. Even if such notice had been given to the obligee, when the court subsequently made a formal order approving the bond and acted upon it by transmitting the record to the district court, the obligee unquestionably had a right to rely upon this action as he did, and to believe that whatever question may have been raised as to the regularity of the proceedings, had been removed.    These views are clearly in accord with those plainly expressed in the opinion of the supreme court, and we must hold in consequence that the demurrer should have been sustained.    The answer of the sureties did not set up a legal defense.    The judgment herein will be reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Reversed.*

BISSELL, J., not sitting.