LUBBERING, Respondent, v. KOHLBRECHER, *et al.*, Appellants.

1. Where a material alteration is made in a promissory note by one unauthorized by, and without the knowledge or consent of, the owner of such note, the note is not thereby avoided as against such owner.

*Appeal from St. Louis Law Commissioner's Court.*

The facts are sufficiently stated in the opinion of the court.
*Cline & Jamison*, for appellants.
*T. Spies*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

The plaintiff brought suit before a justice of the peace on a promissory note for $100. The defence was that it had been fraudulently altered after its execution, and without the consent of the makers. The plaintiff had judgment before the justice of the peace ; the case was then taken by appeal to the law commissioner's court.

When the trial came off in the law commissioner's court, the defendant objected to the reading of the note in evidence, because it bore marks or evidence on its face of having been altered and erased after its execution ; that the plaintiff must first explain the alterations and erasures before she could read the note in evidence. The objection was overruled, and defendants excepted. The plaintiff then read the note in evidence and closed her case.

The defendants then proved that the words " *with interest from date*" were added to the note after its execution. The defendants then asked several instructions, which were refused, and the law commissioner, on motion of the plaintiff, declared the law as follows : 1st, the plaintiff is not affected by any alteration or erasures or spoliation made on the note sued on unless the same was done by her, or by her knowledge or consent ; 2d, an agent has no implied authority to do an unlawful act, so as to bind his principals, unless such act is done by

the knowledge and consent of the principal; 3d, if the court, sitting as a jury, shall believe from the evidence that what was written upon and erased on the note in question had no tendency to change the language and meaning thereof, then they must find for the plaintiff.

It is not necessary to notice the instructions prayed for by defendants and refused, as the two first given for the plaintiff contained the proper rule on this subject, and the case was tried upon that rule. The 3d instruction given, although not correct, had nothing to do with the case. The alteration here was material, and if made by the party or with her consent, avoided the note, and this was the principle on which the case was decided. The 3d instruction then could do no harm, as we see the case was decided by the court below with proper regard to the principles on which such questions are settled.

Greenleaf says, " if the alteration is noted in the alteration clause as having been made before the execution of the instrument, it is sufficiently accounted for and the instrument is relieved from the suspicion; and if the alteration appear in the same handwriting and ink with the body of the instrument, it may suffice. In other words, if nothing appear to the contrary the alteration will be presumed to be contemporaneous with the execution of the instrument. But if any ground of suspicion is apparent upon the face of the instrument, the law presumes nothing, but leaves the question of the time when it was done, as well as that of the person by whom, and the intent with which the alteration was made, as matters of fact, to be ultimately found by the jury, upon proofs to be adduced by the party offering the instrument in evidence. " (Greenl. Ev. § 564.)

In this case, the addition of the words and the subsequent erasure of them was not brought home to the plaintiff. She is not bound by the illegal and unauthorized conduct of those who were her agents; nor should she be affected by any act wrong in law and not within the scope of the agent's authority or business, unless the act be sanctioned or subsequently affirm-

ed by her. In the United States v. Spaulding, (2 Mason, 478,) Justice Story very strongly condemned the old doctrine that every material alteration of a deed, even by a stranger, and without privity of either party, avoided the deed. He considered the old rule " as repugnant to common sense and justice, as inflicting on an innocent party all the losses occasioned by mistake, by accident, by the wrongful acts of third persons, or by the providence of Heaven; and which ought to have the support of unbroken authority, before a court of law was bound to surrender its judgment to what deserved no better name than a technical quibble." It has been strongly doubted whether an *immaterial* alteration in any matter, though made by the obligee himself, will avoid the instrument, provided it be done innocently and to no injurious purpose. But if the alteration be *fraudulently made* by the party claiming under the instrument, it does not seem important whether it be a material or immaterial part; for, in either case, he has brought himself under the operation of the rule established for the prevention of fraud. (1 Greenl. Ev. § 568.) Here the party must make the alteration—an alteration by a third person will not avoid the deed unless the party claiming consented or connived at it.

Upon the whole record, we think the court below decided the case properly. The judgment must be affirmed; the other judges concurring.