———o———

GIDEON C. PARAMORE, Respondent, vs. JOHN M. LINDSEY, AND FRANCIS M. POULSON, Appellants.

1. *Bills and Notes—Defenses—Alterations—Introduction of other notes—Marks of suspicion—Preliminary question as to, when for court—Presumption as to time of alteration.*—In suit on a promissory note where the words "after maturity" printed in the interest clause were erased, *held*, 1st, that it would be incompetent for defendant to introduce other notes made by himself in the same transaction containing the same phrase, in order to show that those words were in the note in suit at the time of its execution; 2nd, that if an alteration in a note were suspicious on its face, as, if the ink were different or the handwriting were that of the holder, who was interested in the alteration, the questions as to time and intent of the alteration should rest ultimately with the jury; 3rd, that, in the first instance, the preliminary question whether the al-

teration bore marks of suspicion would be for the court, on inspection of the instrument; 4th, that in the absence of any such suspicious circumstance, the presumption would be that the alteration was made prior to or cotemporaneously with the execution.

2. *Verdict—Discussion by part of the jury in the absence of others.*—The fact that after all the evidence is in, some of the jurors discuss the evidence in the absence of others, will not furnish ground for setting aside their verdict, there being no proof of resulting harm.

### *Appeal from Clinton Circuit Court.*

*J. E. Merryman, with J. F. Harwood*, for Appellants.

I. The fact that the other two notes were given to another person for his interest in some cattle ought not to exclude them from the jury. They were a part of the *res gestæ*.

II. The court was bound to hear evidence, under the motion for a new trial, in regard to the character of the alleged discussion of the jury. Until an investigation was had, the court could not know that no injury resulted.

III. The court erred in giving the third instruction asked by respondent. Where the alteration or interlineation appears on the face of the instrument, the party having the possession of the instrument, and claiming under it, ought to be called upon to explain it. It is presumed to have been done while in his possession. (U. S. vs. Linn, 1 How. 104.) In Massachusetts and this State the rule is held, that there is no presumption concerning alteration such as interlineation and erasures ; but that it is a question for the jury to determine under all the circumstances and evidence. (See Matthews vs. Coalter, 9 Mo. 696.)

*T. S. Turney & S. H. Corn*, for Respondent.

I. The court did not err in permitting the note to be read to the jury after inspecting it and ascertaining the character of the alteration. If no ground of suspicion is apparent on the face of the instrument, the alteration will be presumed to be cotemporaneous with, or anterior to, its execution. (Matthews vs. Coalter, 9 Mo. 705 ; Lubbering vs. Kohlbrecher, 22 Mo. 596 ; 1 Greenlf. Ev. § 564 and cas. cit.)

II. Injury to the party complaining must be shown to have re-sulted from the misconduct of the jury, before their verdict will be disturbed. (Mardenburg vs. Crary, 15 How. Pr. 307 ; Smith vs. Thompson, 1 Cow. 221 ; Norton vs. Norton, 2 Cow. 589 ; Wilson vs. Abraham, 1 Hill. 207 ; Whitney vs. The State, 8 Mo. 165 ; The State vs. Barton, 19 Mo. 227.)

WAGNER, Judge, delivered the opinion of the court.

This was an action by the plaintiff as indorsee of a negotiable promissory note against the defendants as makers.

The note was duly indorsed and transferred before maturity ; and the defense set up was that it was altered after defendants signed and delivered it. The alleged alteration consisted in the erasure of the words in the printed form " after maturity," the effect and operation of which was to make the note draw interest from date. Whether there was an alteration, as the defendants contend, was a question of fact ; and as the jury by their verdict have negatived the allegation and found for the plaintiff, the judg-ment in his behalf cannot be disturbed, unless the court committed some error in its rulings upon questions of law.

There are three points relied on by the appellants, 1st, that the court ruled out proper and legitimate testimony ; 2nd, that it gave an improper instruction for the plaintiff and rejected a proper one offered by the defendants ; and 3rd, that there was misbehavior on the part of the jury.

1. The defendants, in support of the issue thus tendered, offered to read in evidence two other notes given to different parties, but which arose out of the same transaction. These notes bore in-terest after maturity, and the court excluded them as irrelevant.

We think the ruling was correct. Because other notes given to different parties did not bear interest till after they became due, they did not furnish any necessary or sufficient connection to show that the note in question was made with interest payable at the same time. The agreement might have been wholly different be-tween the respective parties as to the payment of interest ; and

5—VOL. LXIII.

the difference in the manner in which the notes were drawn would not be a presumption that one was right more than the other.

2nd. The question arising upon the instructions relates to the courts giving the third instruction for the plaintiff, and refusing the fourth instruction asked for by the defendant. The instruction given tells the jury that the law presumes that an erasure of such character as that which appears on the face of the note sued on, was made either prior to, or, at the time of, the execution of the note; and that the burden of overcoming this presumption devolved on the defendants. The instruction refused asserted the converse of the proposition contained in the above declaration, and stated that the alteration of the note appearing on its face, the burden of proof was on the plaintiff to explain the same to the satisfaction of the jury. The court had previously instructed that if the erasure or alteration was made subsequent to the execution of the note, the same was thereby rendered void. The only point of difference then between the parties is, whether there was a presumption that the alteration was made before or at the time of, or subsequent to the execution. We are aware that there are authorities which maintain the doctrine laid down in the defendants' instruction; but the rule, as recognized and adopted in this State, in Matthews vs. Coalter, (9 Mo. 696) and Lubbering vs. Kohlbrecher, (22 Mo. 596) is directly to the contrary, and is in precise accordance with the instruction given for the plaintiff. In Matthews vs. Coalter, the court gave an instruction identical with the one offered by the defendants, and this court reversed the judgment and announced the rule which was followed by the circuit court in this case. In the opinion it was said, that the law presumes honesty of purpose and of action, until the contrary is shown. The ancient rule of evidence was therefore to presume alterations and erasures of written instruments to have been made at the time of, or anterior to, their execution; and the weight of authority was decidedly in favor of the ancient rule. Where an alteration or erasure appears suspicious on its face, as if the ink differ, or the handwriting be that of the holder inter-

ested in the alteration, it must be explained.    If nothing appears to the contrary the alteration will be presumed to be contemporaneous with the execution of the instrument.    But if any ground of suspicion is apparent upon the face of the instrument the law presumes nothing ; but leaves the question of the time when it was done, as well as the person by whom, and the interest with which, the alteration was made, as matters of fact to be ultimately found by the jury, upon proofs to be adduced by the party offering the instrument in evidence.    (1 Greenl. Ev. § 564.)

The appearance of anything suspicious on the face of the instrument is a preliminary matter, to be determined on an inspection by the court.    The court looked at the writing and found nothing suspicious in the character of the alteration or erasure ; and under these circumstances, the instruction that it gave was in conformity with the long established law of this State.

3rd.  The defendants offered to introduce evidence to show that after all the evidence was submitted, but before the jury had retired to their room to consider of their verdict, some of the jurors discussed the evidence among themselves in the absence of the others, but the court refused to hear the evidence, and this is assigned for error.·  Courts only disturb verdicts of juries for substantial reasons.    Slight or trivial acts of impropriety upon the part of the jurors will be insufficient unless the party complaining can show that he has been injured.    Their separation in a criminal case will not impair the verdict, unless they have been tampered with (State vs. Brannon, 45 Mo. 329 and cases cited), and the verdict will not be set aside because they have used intoxicating liquors in their retirement, unless it appears that it was supplied from an improper source or affected their verdict.    (State vs. Upton, 20 Mo. 397.)

The evidence proposed only went to show that, after all the evidence was in, some of the jurymen talked about it whilst the others were not present.    This was evidently insufficient to have any affect on the validity of the verdict, though it was improper. It would have been necessary to have shown that some injury re-

sulted from the discussion; but this was not proposed or pretended.

Upon the whole record the judgment should be affirmed; the other judges concur, except Judge Vories, who is absent.