Holton v. Kemp.

HOLTON et al. v. KEMP, *Plaintiff in Error.*

| 81 | 661 |
|----|-----|
| 143 | 433 |
| 81 | 661 |
| 146 | 659 |
| 76a | 6 |
| 81 | 661 |
| 87a | 174 |
| 81 | 661 |
| 91a | 388 |

1. **Practice in Supreme Court:** PRESUMPTION. In the absence of affirmative evidence to the contrary, the Supreme Court will presume in favor of the ruling of the trial court, which has admitted a patent in evidence after inspection, that the certificate as it then was disclosed the requisite authentication.

2. **Deed, Alteration of.** It will be presumed, in the absence of proof to the contrary, that an apparent alteration of a deed was made before the final execution and delivery of the instrument. If there be suspicious circumstances on its face, it is for the trial judge to determine from inspection whether they be such as to require the party offering the deed to explain them.

3. **Deed:** ALTERATION: WHEN QUESTION SUBMITTED TO JURY. When the trial judge submits the question of such alteration with the in-

strument itself, and the proof to the jury, it is a question of fact for their determination, and their finding, as on any other question of fact, is conclusive.

4, ——: ACKNOWLEDGMENT: STATUTE. The provision of our statutes requiring an officer taking an acknowledgment of a deed to certify that the grantor was personally known to him, was first enacted February 14th, 1825, (Laws, p. 215, § 10,) and hence did not apply to a deed acknowledged prior thereto.

*Appeal from Linn Circuit Court.*—HON. C. BOARDMAN, Special Judge,

REVERSED.

*A. W. Mullins* for plaintiff in error.

The copy of the patent from the United States to Christian Purth *alias* Porth, should not have been admitted in evidence. It was not attested or certified as required by law, in order to render it admissible in evidence. 1 R. S. 1879, §§ 2285, 2286; *Patterson v. Winn,* 5 Pet. (U. S.) 233. The deed from Christian Purth or Porth to Frazier should have been excluded. Its acknowledgment was insufficient under both the laws of Ohio and of this State. The plaintiffs having failed to show the legal title to the land, and having no right based on prior possession, the demurrer to the evidence should have been sustained. *Foster v. Evans,* 51 Mo. 39; *Large v. Fisher,* 49 Mo. 307. The court erred in excluding the sheriff's deed to defendant, and the judgment in connection therewith. *Lenox v. Clarke,* 52 Mo. 115; *Townsend v. Cox,* 45 Mo. 401.

*C. L. Dobson* for defendant in error.

The objection to the copy of the patent to Christian Purth *alias* Porth, was not well taken. The lower court found as a matter of fact that it was properly certified, and an inspection of the paper now will satisfy this court that the action of the lower court was right, especially in view of the fact that defendant claims under the same source of

title. The deed from Porth to Frazier was acknowledged according to the laws of Ohio, and this is sufficient. R. S. 1879, §§ 702, 703. But even if the objections made to the copy of the patent and the deed to Frazier were well taken, they would not avail the defendant in this action. The evidence offered by him shows conclusively that he claims only such title as the plaintiffs had—a common source of title. Therefore plaintiffs are entitled to recover. *Holland v. Adair*, 55 Mo. 40; *Butcher v. Rodgers*, 60 Mo. 138. The court found, as a matter of fact, that the alleged change of the name of "Porth" to "Purth," was made before the signing of the deed, and this court cannot review such finding.

PHILIPS, C.—This is an action of ejectment for the recovery of the possession of the southwest quarter of section 30, in township 57, range 18, situate in said county of Linn.

The answer tendered the general issue. It also pleaded that the plaintiff, Thos. J. Holton, jr., is a minor and has no legal capacity to sue. The petition was amended by striking out the name of Sabina B. Holton.

The plaintiff at the trial offered the following evidence:
1. Copy of a patent, calling for the land in controversy, from the United States to Christian Purth *alias* Porth. To this patent the defendant interposed the objection that it was not certified to be a copy of the record of the original patent, nor to be a copy of the record of the patent, nor that it is an exemplification, etc. This objection was overruled by the court, and the patent admitted in evidence. In the transcript certified by the clerk to this court, after copying this patent, he states: "Certified to be a copy by Josiah Meigs, commissioner. Most of the writing unintelligible and defaced so it cannot be copied."

2. Deed from Christian Purth or Porth to James E. Frazier. This deed was objected to by defendant for the reason that, the letter "o" in the signature of Porth to the

deed appeared to have been changed into the letter "u."
In support of this objection the defendant introduced as a
witness S. P. Huston, Esq., who testified that he was a
practicing attorney at law, that in the name attached to
said deed the word Porth had been changed by inserting
the letter "u" where the letter "o" had been written. He
could not tell whether this had been done before or after
acknowledgment. The defendant further objected to the
admission in the evidence of this deed, because the same
was not properly acknowledged. The certificate of ac-
knowledgment is as follows:

"State of Ohio, City of Cincinnati.

Before the subscriber, Mayor of the city of Cincinnati,
State aforesaid, personally came Christian P. Purth the
grantor in the within deed named, and acknowledged the
same to be his voluntary act and deed for the uses and pur-
poses therein mentioned.

In testimony whereof, I have hereunto subscribed my
name and affixed the seal of said city, this 16th day of July,
1821.

(L. S.)          (Signed) ISAAC G. BURNET, Mayor."

In connection with the offer of said deed the plaintiffs
put in evidence certain statutes of the State of Ohio, which
will be noticed in the course of this opinion. They also
put in evidence "An act to incorporate the town of Cincin-
nati" etc., approved February 5th, 1819, the 12th section
of which authorized the mayor to take and certify the ac-
knowledgment of such deeds. The defendant claims that
said acknowledgment is neither good under the laws of this
State, or of the state of Ohio. The court admitted the
deed in evidence.

3.   Plaintiffs read in evidence a deed from said Frazier
to Arthur Martin, and from Martin to Thomas J. Holton.
This was followed by proof showing the death of said
Thomas J. Holton, and the heirship of the plaintiffs, the
women as children, and the husbands who are joined as

husbands. The said Thomas J. Holton, jr., was a minor at the time the suit was brought, but had attained his majority at the time of trial. Plaintiffs gave evidence of the fact of the defendant being in possession at the time of the institution of this suit, and of the payment of taxes on said land, by the ancestor in his life time, and by his legal representatives since.

The defendant offered in evidence a judgment against the plaintiffs under which the land in controversy was sold, and a sheriff's deed thereunder to defendants, executed on the 7th day of June, 1877, which the court on plaintiff's objection excluded. The court found the issues for the plaintiffs, and rendered judgment accordingly. Defendant has brought the case here on writ of error.

I. The objection to the admission in evidence of the patent we do not think tenable. It appears from the brief of plaintiffs' counsel, that the patent read in evidence has been filed in this court for inspection, but if so it cannot be found. Whether the certificate to the patent was in the same condition when offered in evidence as when the clerk made out the transcript for this court is matter of conjecture. In the absence of affirmative proof touching this matter, we are of opinion that it should be presumed, in favor of the action of the trial court admitting it in evidence after inspection, that the certificate as it then was disclosed the requisite authentication.

II. The alleged alteration in the name of the grantor, Purth, in the deed to Frazier, was not, in our opinion, such as to have justified the court in its exclusion. There is much conflict of authority on this branch of evidence, but the rule in this State seems to be pretty well settled. It is to presume, in the absence of proof to the contrary, that the apparent alteration was made before the final execution and delivery of the instrument. *Mathews v. Coalter,* 9 Mo. 696; *Paramore v. Lindsey,* 63 Mo. 63. If there be suspicious circumstances on the face of the instrument, it is for the judge trying the case to determine from inspection

whether it be such as to require the party offering it to ex-
plain the matter.

When he submits the question, with the instrument
itself and the proofs to the jury, it is a question of fact
for their determination, and their finding, as on any other
question of fact, is conclusive. Authorities *supra;* 1 Greenlf.
Ev., § 564 and notes. The only suspicious fact on the face
of this signature, as testified to by the witness, Huston,
was his impression that the ink used in making the letter
" u " was different from that employed in making the other
letters. But in the acknowledgment, the officer certified
that Christian Purth was the " grantor named within the
deed, and acknowledged the same to be his voluntary act
and deed." The court after inspecting the deed and hear-
ing the evidence was satisfied that the alteration was not
made after acknowledgment, which was the crowning act
of execution in conjunction with its delivery. Under the
circumstances we would not feel justified in reviewing this
finding of the court.

III. In respect to the acknowledgment of the deed,
the plaintiffs conceded at the trial, and make the same con-
cession here, that it was not properly certified under the
laws of this State; and then undertook to sustain it as
being a good acknowledgment under the laws of Ohio
where taken ; and if good by the law of that state, it be-
ing military bounty land, the proof was admissible under
sections 702, 703, Revised Statutes 1879. To show that the
acknowledgment was good by the law of Ohio, the plaint-
iffs put in evidence a statute of that state. This statute,
however, required the acknowledgment to show that the
officer taking it was " satisfied from personal knowledge,
or from the testimony of some witness, that the person is
whom he represents himself to be." So the acknowledg-
ment would confessedly be bad under this statute. To ob-
viate this objection, plaintiffs' counsel, in his argument,
asserts that that part of said Ohio statute was repealed
long prior to the date of this acknowledgment. This posi-

tion is not supported by the facts. The first statute was enacted June 1st, 1831. Swan & C. St. 1860, p. 458. The said repealing statute was passed January 29th, 1833. Same St., p. 470. Whereas the acknowledgment in question was taken and certified July 16th, 1821, before the enactment of either of the statutes relied on by plaintiffs. The statute of Ohio, in force when the acknowledgment was taken, was enacted February 24th, 1820. St. of Ohio, vol. 2, pp. 219, 220. By this statute the certificate was not required to state that the grantor was known to the officer. But this statute was not put in evidence, and we cannot take judicial notice of it. But was not the acknowledgment sufficient under the statute of this State? The law then in force was enacted December, 1815. Vol 1, Ter. L. Mo., p. 422, § 1. It is provided that "all such deeds and conveyances made and executed by such person or persons, not residing in this territory, as shall be acknowledged or proved before any mayor, chief magistrate or other officer of any city, town or place, where such deeds or conveyances are or shall be made or executed, and certified under the common or public seal of such city, town or place, where they have a public seal, if not, under the private seal of such mayor, etc., shall be as valid and effectual in law as if the same had been acknowledged or proved before any judge of the superior or circuit courts in this territory," etc. This acknowledgment was good under this statute. The provision requiring the officer to certify that the grantor was personally known to him, was first enacted February 14th, 1825. Laws of Mo. 1825, p. 218, § 10.

IV. The judgment and sheriff's deed offered in evidence by the defendant, and excluded by the court, are the same judgment and deed passed on by this court at this term in the case of *Holton v. Towner, ante,* p. 360. For the reasons therein assigned, the court erred in excluding said evidence.

The judgment of the circuit court is, therefore, reversed and the cause remanded. All concur.