## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1898.

---

*(Continued from Volume 75.)*

---

G. W. SWEITZER, Administrator, Appellant, v. ALLEN $\frac{76}{88}$ $\frac{1}{399}$
BANKING COMPANY, Respondent.

### Kansas City Court of Appeals, May 30, 1898

1. **Bills and Notes:** ALTERATIONS: PRESUMPTIONS: EVIDENCE. Erasures in a written instrument are presumed to have been made at the time or anterior to their execution, but where they are suspicious on their face the law leaves the question as to the time when and the person by whom and the intention with which they were made to the trier of facts who may decide the question from the face of the instrument without further evidence.

2. ———: ———: ———: ———. Where the court finds the erasures are suspicious it may refuse to admit the instrument in evidence without explanatory testimony, but where the court sitting as a trier of facts hears the evidence and decides as to the suspicious character of the erasures, its finding will be conclusive where no instructions are asked.

3. **Appellate Practice:** FINDING OF FACTS: WEIGHING EVIDENCE. The appellate court in an action at law will not weigh the evidence.

*Appeal from the Cass Circuit Court.*—Hon. W. W. Wood, Judge.

Affirmed.

Burney & Burney for appellant.

The court erred in excluding the certificates of deposit sued on as evidence in the cause. Wilson v. Hayes, 4 L. R. A. 201; 40 Minn. 531; Van Brunt v. Van Brunt, 3 Edwards Ch. 555; Jones v. Ireland, 4 Iowa, 66; Wilson v. Harris, 35 Iowa, 508; Finney v. Turner, 10 Mo. 134; Matthews v. Coulter, 9 Mo. 706 (696); Lubbering v. Kohlbreche, 22 Mo. 596; McCormick v. Fitzmorris, 39 Mo. 34; Paramore v. Lindsey, 63 Mo. 66; Holton v. Kemp, 81 Mo. 661; Stillwell v. Patton, 108 Mo. 360; Burnett v. McCluey, 78 Mo. 687; Grimes v. Whitesides, 65 Mo. App. 1; Noah v. Ins. Co., 69 Mo. App. 332. The signature of the cashier being admitted to have been genuine, the instrument should have been admitted in evidence. Speake v. N. S., 9 Cranch, 37; Howrick v. Patrick, 119 U. S. 156; Settle v. Herndon, 10 Wall. 27; Wilson v. Hayes, 40 Minn. 531; Franklin v. Baker, 48 Ohio St. 301. There is no presumption that the erasure was made after the execution and delivery of the writing. Bank v. Hall, 1 Halstead, 215; Gooch v. Bryant, 13 Me. 386; Odel v. Gallup, 62 Iowa, 253; Neil v. Case, 25 Kan. 570; Bailey v. Taylor, 11 Com. 531. It is at least a question for the triers of the fact rather than a question for the court to determine. Winkles v. Guenther, 98 Ga. 472; s. c., 25 S. E. Rep. 527; Beaman v. Russell, 20 Vt. 205; s. c., 49 Am. Dec. 775; Franklin v. Baker, 48 Ohio St. 296; 2 Am. and Eng. Ency. of Law, p. 274, note 2.

C. W. Sloan and Noah M. Givan for respondent.

The court having found, on inspection of the certificate of deposit, suspicious circumstances on the face of the same, indicated by erasures, the burden rested on plaintiff to explain the same. Paramour v. Lindsey, 63 Mo. 63–66; Holton v. Kemp, 81 Mo. 661–665; Smith v. Ferry, 69 Mo. 142; Stillwell v. Patton, 108 Mo. 352; Am. and Eng. Ency. of Law [1 Ed.], pp. 512–515; 2 Am. and Eng. Ency. of Law [2 Ed.], p. 273; 2 Parson's Bills and Notes [1 Ed.], 576, 577, and note; 2 Daniel, Neg. Inst. [3 Ed.], secs. 1417, 1418; Page v. Danaher, 43 Wis. 231; Chism v. Toomer, 27 Ark. 108; Simpson v. Davis, 119 Mass. 269; Johnson v. Bank, 28 Neb. 792; Hartley v. Corboy, 150 Pa. St. 23; 1 Greenleaf, Ev. [15 Ed.], sec. 564, and notes; 3 Randolph on Com. Paper, secs. 1784, 1785; Cox v. Palmer, 1 McCrary's U. S. 431; Tiedeman, Com. Paper, sec. 393; Grimes v. Whitesides, 65 Mo. App. 1; Noel v. Ins. Co., 69 Mo. App. 336; Croswell v. Labree, 81 Me. 44; 16 Atl. Rep. 331; Slater v. Moore, 13 Va. L. J. 335; 9 S. E. Rep. 419; Harris v. Bank, 22 Fla. 501; Orlando v. Gooding, 34 Fla. 244; 15 So. Rep. 770; Glover v. Gentry, 16 S. Rep. 38; Rodrignez v. Haymes, 76 Tex. 225; Wilson v. Hotchkiss, 45 N. W. Rep. (Mich.) 838; R. S. 1889, sec. 2186.

Smith, P. J.—This is an action brought by plaintiff who is administrator of the estate of Lewis Frederick, deceased, to recover on two certificates of deposit payable to defendant, one —number 47—due three months after date and the other—number 61—in six months, each bearing five per cent interest *until maturity*. The printed words therein, "*No interest after maturity*" were erased.

STATEMENT.

The erasure in the former was with pen and ink, the ink being of a different color from that of the written portion thereof, and in the latter with a pencil. The defendant pleaded *non est factum*. The cause was tried by the court without the aid of a jury.

It was admitted by the defendant that the signature to each of the certificates was that of Doveton, their cashier. The plaintiff then offered the two certificates in evidence, to the introduction of which defendant objected for the reason that they showed on their face plainly that the words, *"no interest after maturity,"* were stricken out in the one apparently with a pen and in the other with a pencil, which had the effect to vitiate them. The court then announced that it would reserve its decision as to the objections so made until after all the evidence that defendant might offer was in.

The defendant introduced several witnesses who testified, in substance, that they had been many years engaged in the banking business and had been accustomed to the examination of handwritings and signatures. They testified further that they had examined said certificate 47 and the ink used in making the erasure therein, as well as the ink used on the written portions thereof, and that it was their opinion that the former was different from the latter. Doveton, who was the cashier of the defendant, and who signed and delivered the certificates, but who was not connected with defendant at the time of the trial, testified that the erasures thereon were not made by him nor by any officer or employee of defendant; that the first time he had discovered the erasures was nearly seven years after the date of such certificates. This witness further testified that in August or September, 1895, the deceased, the payee in the certificates, came into defendant's bank and asked: "What interest

we would pay on deposits?" and on being informed by witness that the defendant was not paying anybody interest on time deposits, he remarked: "I must have some interest on my money," and that the witness then told him that was all right, that his money was there subject to check, and that he could have it at any time.

The plaintiff offered evidence tending to show that the reputation of deceased for honesty was good, and that the certificates had been shown by deceased to the former two years before the latter's death.

At the conclusion of all the evidence the court ruled: "The erasures were such on the face of the certificates as to show that in one of them the erasure was in different ink from that used in writing the other written portion of said certificate, and that the erasure in the other certificate was in pencil, and that these facts were apparent on the face of said certificates on inspection independent of the expert evidence aforesaid on that point, and that such erasures had not been explained by plaintiff on whom the burden rested, and therefore the said certificates were excluded."

No declarations of law were requested or given. The court gave judgment for the amount of the two certificates and interest thereon from the date until the maturity thereof. No interest was allowed from the maturity. The plaintiff appealed.

It was declared more than fifty years ago by the supreme court of this state in Matthews v. Coulter, 9 Mo. 705, that "alterations and erasures in written instruments will be presumed to to have been made at the time or anterior to their execution. *Omnia presumuntur ligitime facta donec probatur in contrarium.*" Where an alteration or erasure appears suspicious on its face, as for example, if the ink differ, or the handwriting be

BILLS and notes: alterations: presumptions: evidence.

that of a holder interested in the alteration it must be explained, and until so explained the law presumes nothing, but leaves the question of the time when it was done, as well as the person by whom, and the intention with which the alteration was made, as matters of fact to be ultimately found by the jury. These questions are primarily determined by the court when they are raised upon preliminary objection to the introduction of the instrument, but they are again open to the jury. And that rule has been steadily adhered to in this state. Finney v. Turner, 10 Mo. 134; Lubbering v. Kohlbreche, 22 Mo. 596; McCormick v. Fitzmorris, 39 Mo. 34; Paramore v. Lindsey, 63 Mo. 66; Burnett v. McCluey, 78 Mo. 687; Holton v. Kemp, 81 Mo. 661; Stillwell v. Patton, 108 Mo. 360; Grimes v. Whiteside, 65 Mo. App. 1; Noah v. Ins. Co., 69 Mo. App. 332. The St. Louis court of appeals in the last two of the cases just cited, in referring to McCormick v. Fitzmorris, *supra*, says: "We take it that the court meant this: that if the interlineation is of a suspicious character, the chancellor or jury would be authorized to decide against the presumption on the face of the paper without additional proof."

The certificates were offered in evidence before the court sitting as a jury. The erasures appeared to be suspicious on their face. One of them was made with ink that was different from that used on the other written parts of the certificate, while the other was made with a pencil. These facts were brought before the court by the exhibition of the certificates themselves. The opinion of the expert witnesses to the effect that the ink with which one of the certificates was written was different from that used in making the erasure tended to prove no fact beyond that shown by the face of the certificates themselves. The defendant's case would have been as well without this testimony as with

it. It was, as far as we can discover, neither benefi-
cial to defendant nor injurious to plaintiff. Its admis-
sion by the court, in our opinion, affords no ground
for disturbing the judgment. According to the ruling
of the St. Louis court of appeals, already referred to,
the trial court in this case was authorized to decide
against the validity of the certificates without further
proof.

But there was further proof tending to show that
the erasures were made after the execution and
delivery of the certificates, but exactly when or by
whom it does not appear. The plaintiff offered no
testimony explaining the erasures beyond that tending
to prove that the reputation and standing
of the deceased in the neighborhood
where he had lived just prior to his death
was good, and that the certificates were seen in his
possession some two years before his death, and that
they were then in the same condition that they were
when sued on. After the finding by the court that the
erasures on their face were of a suspicious character it
might with propriety have then passed upon the
defendant's objection to the introduction thereof and
excluded the same, unless the plaintiff had proffered
explanatory evidence. The court instead of doing this
reserved its ruling thereon until it had heard all the
evidence offered by either of the parties and was in
possession of all the surrounding facts and circum-
stances. Its ruling, as has already been seen, was in
the nature of a special finding of facts. After looking
at the certificates and hearing all the evidence adduced
it found that one of the erasures was in different ink
from that used in the other written portions thereof
and that the erasure in the other was in pencil, and
that such erasures were not explained. The ultimate
finding of this fact by the court is conclusive on us.

And this is so, even if the finding of the court be regarded as general rather than special, since no instructions were asked or given.

The rule of appellate practice is that where the court trying the issues of fact sits as a jury and gives a general verdict, the only way in which its errors can be corrected, if it decides erroneously, or makes a misapplication of the law to the facts, is to ask instructions in order that the reviewing court may see upon what theory it tried and determined the issues. The latter court will not, in an action at law, weigh the evidence and determine whether or not the finding of the former court was correct on the evidence. Riffe v. R'y, 72 Mo. App. 222, and cases there cited. The case is not different than if it had been tried to a jury and the court had permitted the certificates and the evidence of the surrounding facts and circumstances to go without instructions, and it had returned a general verdict for the defendant on the issues made by the pleadings. The verdict in such case would have been conclusive.

The record discloses no error harmful to plaintiff and therefore the judgment must be affirmed. All concur.