HOLLADAY-KLOTZ LAND AND LUMBER COM-PANY, Respondent, v. THE T. J. MOSS TIE COM-PANY, Appellant.

### St. Louis Court of Appeals, February 12, 1901.

1. **Conversion, Action for: SHERIFF'S DEED: ALTERATION OF SAME.** Unless alterations on the face of the document are of a suspicious character, the document should, on proof of its execution without explanation by the party offering it, be admitted.

2. ———: ———: **PRESUMPTION, FAVORABLE TO INSTRU-MENT.** The presumption is, that the alteration was made contemporaneously with the execution of the instrument, or before its delivery, unless there are peculiar appearances on the face of it, suffi-

cient to arouse distrust, requiring explanatory proof by the party offering it; and if the court is of that opinion, then no presumption obtains in favor of the instrument, but whether the instrument has been altered or tampered with, becomes a question for the jury to determine from all the facts, when, by whom, and with what intent it was done.

3. ———: ———: INSTRUCTION IGNORING AN ISSUE, ERRONEOUS. An instruction that directs the jury to find for plaintiff, which ignores a plain issue made by the pleadings and evidence, constitutes reversible error.

4. ———: ———: TAX DEEDS: ONLY PARTY'S INTEREST SOLD, THAT WAS SUED IN TAX PROCEEDING. If W was not a party defendant in the tax proceeding, H, the grantor of plaintiff, never acquired any interest in the lands at the sheriff's sale, since the tax deed could convey only the interest of the defendant in the suit.

5. ———: ———: SHERIFF'S DEED, RECITALS THEREIN; MAY BE CONTRADICTED BY PAROL TESTIMONY, WHEN. As a general proposition, the recitals in a sheriff's deed can not be contradicted by parol testimony, for the reason that the best evidence must be produced, but if that has been destroyed, then secondary or parol evidence is admissible.

6. ———: ———: ———: SALE NOTICE, EFFECT OF. Although the sale notice, by which the land was advertised to be sold, omitted the name of the real owner, yet that would not authorize a peremptory instruction directing the jury to find for defendant.

Appeal from Wayne Circuit Court.—*Hon. F. R. Dearing,* Judge.

REVERSED AND REMANDED.

### STATEMENT BY THE COURT.

Action in the nature of trover for the conversion of a large number of railroad ties charged to have been cut from the timber on certain tracts of land owned by the respondent, jury trial, verdict for $500, and appeal.

Land & Lumber Co. v. Moss Tie Co.

The contest was over the title to the land on which the timber stood.    Both parties claimed to own it.    The record is too incomplete to determine from it where the entire estate was vested, but full enough to enable us to pass on the errors assigned.    The appellant claims to have acquired the ownership of the timber by purchase from Bernard D. McMenamy. McMenamy bought the land from John S. Guhman, who was the grantee of Joseph Walter in a deed dated February 26, 1896.    The respondent likewise claims title from said Joseph Walter by a tax deed dated February 2, 1892.    This deed is assailed by the defendant on three grounds: first, that the judgment for taxes was paid before the sale occurred; second, that the sheriff's deed, on which the respondent relies, while purporting on its face to convey the interest of Joseph Walter, as well as of one Lewis Rosenbaum, did not in fact convey said Walter's interest because his name was fraudulently inserted in the deed after it had been executed by the sheriff and filed for record, and third, that Joseph Walter was not a party to the tax suit nor to the proceedings, judgment, execution and notice of sale.    It is not charged that the plaintiff inserted the name of Walter in the deed or that it knew of that act, which is alleged to have been done by some unknown person.

It is necessary to state briefly the conveyances of the land shortly preceding the sale for taxes.    The judgment in the tax suit was rendered on the seventh day of August, 1891, execution issued the twenty-fifth day of November, 1891, sale occurred the second day of February, 1892, as stated, and the deed was acknowledged by John H. Johnson, the sheriff, on the sixth day of February, 1892.    It was filed for record, as appears by an indorsement on the back of it, on the third day of March, 1892, and by another certificate of the recorder appears to have been filed also the first day of March.    It was, subsequently, again recorded on the eleventh day of August,

1897.   The grantee in this deed was H. N. Holladay who subsequently conveyed to the plaintiff corporation.   Joseph Walter had conveyed the land to Lewis Rosenbaum, December 3, 1889, the deed being put to record the sixth day of December of that year.   Said Rosenbaum re-conveyed it to Walter, January 9, 1890, and the deed was filed for record September 19, 1890.   It thus appears that Joseph Walter was the owner of the land at the time the judgment for taxes was rendered, but there is no showing as to when the suit leading up to the judgment was begun.   All the circuit court records, embracing the files, papers, and judgment in said tax suit, and also the deed records of Wayne county were destroyed by fire the fourteenth day of December, 1892.   A copy of the Wayne County Journal of date January 28, 1892, containing the notice of the sheriff's sale in the case of the collector of the revenue of Wayne county, to recover taxes on said land was identified by the publisher and introduced in evidence.   It recites that the action was against Lewis Rosenbaum and that under the special execution the sheriff had levied on all the right, title, claim and interest of said Rosenbaum, and would sell the same the second day of February, 1892.   Joseph Walter, who lived in St. Louis, happened to see the notice of sale in said newspaper and wrote to the collector in regard to the matter, sending him $15 to pay the taxes.   The collector wrote back on February 3, the day after the sale, saying, $25 more would have to be remitted to pay up all the costs.   Walter sent this sum also, but the whole amount was returned to him by the collector on the seventeenth of February in a letter which stated that the remittance was received too late to have the suit withdrawn and that the printer, after the first money was sent, refused to stop the sale as he did not know whether the balance would be remitted or not.   There was also in evidence a letter dated March 2, 1892, written by Johnson the sheriff, to Walter, in

which he stated he had sold Walter's land, that the suit was brought against Lewis Rosenbaum and that J. L. Clarkson bought it. There was testimony by John G. Settle, who owned a set of books containing abstracts of the records of titles in Wayne county, which tended to show that the original record of the sheriff's deed did not contain the name of Walter.

The court gave the following instructions at the request of plaintiff:

1. "The court instructs the jury that the sheriff's deed dated February 2, 1892, read in evidence in the cause, is evidence that Louis Rosenbaum and Joseph Walter were the defendants in the tax suit upon which such deed was based and that said deed can not be defeated as a conveyance by parol testimony to the effect that Joseph Walter had not been made a party defendant in the tax suit.

2. "The court instructs the jury that the sheriff's deed read in evidence, dated February 2, 1892, purports on its face to have been regularly made in the course of judicial proceedings in Wayne county, Missouri, and it purports to convey the interest of Louis Rosenbaum and Joseph Walter, and you will not be authorized to find for defendant unless you are satisfied from the evidence that the name of Joseph Walter was written and inserted in said deed after the sixth day of February, 1892 (the date of the acknowledgment of said deed), and that said name of Joseph Walter was fraudulently inserted in said deed for the purpose of purporting to convey his interest in the lands described therein."

The following instructions were also given for defendant:

"1. The court instructs you, that before you can find for the plaintiff in this case, you must first find, that Joseph Walter, shown by the deeds offered in evidence to be the record owner of the land in dispute, was a party defendant to the suit brought for back taxes, and unless you so find, your verdict should be for defendant.

"2. The court instructs you, that if you find for the plaintiff, you will assess its damages against the defendant at the price per tie standing in the tree, based on the number of ties found to be taken and converted by the defendant to its own use, together with interest thereon at the rate of six per cent from the date of the taking and conversion thereof, not to exceed two thousand dollars."

The defendant requested and the court refused to instruct as follows:

"1.   Concerning the sheriff's deed to Holladay, read in evidence by plaintiff, the court instructs you, that if you find from the evidence that the name of Joseph Walter was inserted in it after its execution, as claimed by defendant, then your verdict must be for the defendant.

"2.   The court instructs you, that unless you find from the evidence that Joseph Walter was a defendant in the tax suit in which the judgment mentioned in said sheriff's deed was rendered, your verdict must be for the defendant."

*M. R. Smith* for appellant.

(1) The defendant had a right to object to the introduction of the sheriff's deed, on the ground that the name of Joseph Walters had been fraudulently inserted in it after its execution, and to that extent charge that it was a forgery and by parol evidence prove it, and thereby have it excluded as a muniment of title.   1 Greenlf. on Evid., secs. 284 and 568; Sweet v. Maupin, 65 Mo. 67; State v. Gonce, 79 Mo. 602; State ex rel. v. Maloney, 113 Mo. 371; Wood v. Hilderbrand, 46 Mo. 286; Underhill on Evid., p. 180, note 3; Chesley v. Frost, 1 N. H. 147-148; Harnick v. Malin, 22 Wend. 393; 3 Taylor on Evid., sec. 1825, p. 1197; Lewis v. Payne, 8 Cowen 73; Withers v. Atkinson (Pa.), 1 Watts 249.   (2) The court,

notwithstanding that the name of Joseph Walters was written in a different colored ink and a heavier hand, as will be seen on an inspection of the deed, admitted it, over defendant's objection, without any explanation, and, in doing so, committed error. Kelly v. Thuey, 143 Mo. 433; Mathews v. Coalter, 9 Mo. 701-711; Paramore v. Lindsey, 63 Mo. 66; 3 Taylor on Evid., sec. 1825, p. 1197; Hutchins v. Scott, 2 M. and W. 815. (3) The recitals in the sheriff's deed were but prima facie evidence, subject to be overcome by any part of the record in the tax proceeding, to-wit: sale notice; or by. parol evidence. Hutchinson v. Shelly, 133 Mo. 413; Harness v. Cravens, 126 Mo. 233; Blodgett v. Schaffer, 94 Mo. 652; Laney v. Garbee, 105 Mo. 360. (4) One of the recitals in the deed is that the sale of the property was duly advertised, etc., embracing the names of the supposed owners. If the sale notice shows the contrary, the presumption in favor of the recital in the sheriff's deed, is overcome. McCormick v. Fitzmorris, 39 Mo. 33; Carpenter v. King, 42 Mo. 224; Samuels v. Shelton, 48 Mo. 449; Jordon v. Surghner, 107 Mo. 525. Sale notice, absolutely necessary. Roth v. Gabbert, 123 Mo. 21; Abbott v. Doling, 49 Mo. 302.

*James F. Green* and *John H. Raney* for respondent.

(1) The sheriff's deed to Holladay was properly admitted in evidence, and the question as to its alteration was then one of fact for the jury. R. S. 1899, sec. 3150; R. S. 1899, sec. 3210; McCormick v. Fitzmorris, 39 Mo. 34; Burnett v. McCluney, 78 Mo. 687; Sweitzer v. Banking Company, 76 Mo. App. 1; Woods v. Hilderbrand, 46 Mo. 286; Jordan v. Surghnor, 107 Mo. 524. (2) There was an entire failure on part of defendant to show an alteration made by any party interested in the deed, and that finding of the jury is amply

supported by the evidence. Medlin v. Platte County, 8 Mo. 235; McCormick v. Fitzmorris, 39 Mo. 34. (3) Plaintiff, by the introduction of the sheriff's deed, made a prima facie case of a valid judgment, and the evidence offered on part of defendant was wholly insufficient to avoid such judgment or defeat the deed. R. S. 1899, sec. 3210; R. S. 1899, sec. 3150; Lovitt v. Russell, 138 Mo. 482.

GOODE, J.—No error was committed in admitting the deed of John Johnson, sheriff of Wayne county, purporting to convey the interests of Louis Rosenbaum and Joseph Walter to H. N. Holladay. Unless there are alterations of a suspicious character on the face of a document, it is competent as evidence on proof of its execution without explanation by the party offering it. It is only where apparent changes by erasures, interlineations or other modes excite distrust that the party is called on to show they are innocent. Stillwell v. Patton, 108 Mo. 352; Paramore v. Lindsey, 63 Mo. 63. Otherwise, the presumption is that the alterations were made contemporaneously with the execution of the instrument or before its delivery. McCormick v. Fitzmorris, 39 Mo. 24; Paramore v. Lindsey, supra; Burnett v. McCluey, 78 Mo. 676; Holton v. Kemp, 81 Mo. 661; Stillwell v. Patton, supra. Whether or not there are peculiar appearances on the face of the instrument sufficient to arouse distrust and require explanatory proof by the party offering it, is, in the first place, a question for the court to determine by an inspection. Paramore v. Lindsey; Holt v. Kemp; Stillwell v. Patton, supra. If in the opinion of the court there are circumstances to excite suspicion, no presumption obtains as to the time the alteration was made, but it is then for the jury to find on all the facts, when, by whom and with what intent, it was done. Matthews v. Coalter, 9 Mo. 696; McCormick v. Fitzmorris; Paramore v. Lindsey; Holton v. Kemp; Stilwell v. Patton, supra.

The sheriff's deed in this case has been submitted to us for our inspection, and on examination of it we are all clearly of the opinion that there are no such visible indications of it having been wrongly tampered with that the trial court should have demanded preliminary testimony before admitting it in evidence. There is a slight difference in the shading of the ink in the name of Joseph Walter from most but not all the other written portions, and only the name of Louis Rosenbaum is on the back; but such trifles must not be permitted to discredit an instrument, because they too easily and often occur unintentionally. Besides, the sheriff's clerk who prepared the deed testified that he wrote all parts of it, wrote them at the same time and before its execution. This assignment of error is therefore ruled against the appellant.

Practically all the evidence offered by the defendant was admitted, much of it against the respondent's objections. We shall therefore proceed to consider the instructions on which the case was submitted and those which were requested by the appellant but refused, first premising that the defense set up in the answer that the judgment was discharged by payment before the sale occurred, entirely failed. The proof is clear that all the money was not remitted to the collector by Walter until some time after the land had been sold, and while the letters written by the latter are not altogether convincing that he was acting in good faith, the sale could obviously not be held void on collateral attack for that reason.

This leaves two further defenses to be dealt with: the alleged fraudulent alteration of the sheriff's deed and the contention that Walter was not a party to the suit for taxes nor the judgment and execution therein. These two grounds of defense are manifestly independent of each other, but they were not so treated by the instructions. The second one given at the request of the plaintiff, tells the jury in so many words

that the sheriff's deed purported on its face to convey the interest of Louis Rosenbaum and Joseph Walter, and that they are not authorized to find for the defendant unless satisfied that Walter's name was inserted in the deed after the date of its acknowledgment for the fraudulent purpose of making it purport to convey his interest in the land. This instruction would be good if the only defense pleaded was a fraudulent alteration of the instrument, but it leaves wholly out of view the other defense set up in the answer, namely that he was not a party to the proceedings in the tax suit. No interest owned by him could be acquired by Holladay, the purchaser at the sheriff's sale, unless he was a defendant in the suit with the judgment and execution against him. It has been repeatedly decided that a tax sale conveys only the interest of the defendant in the action. Watt v. Donnell, 80 Mo. 196; Boatmens Savings Bank v. Grewe, 84 Mo. 478; Evans v. Robberson, 92 Mo. 192; Powel v. Greenstreet, 95 Mo. 13; Troyer v. Wood, 96 Mo. 478; Chamberlain v. Blodgett, 96 Mo. 484; Allen v. Ray, 96 Mo. 547; Moore v. Woodruff, 146 Mo. 597. We do not speak of cases in which the true owner of the land is not shown to be such by the record, and the collector proceeds against the apparent owner. A different rule then prevails in the absence of notice or circumstances to raise an inquiry that the apparent owner is not the real owner. Vance v. Corrigan, 78 Mo. 94.

If Walter was shown by the deed records to be the owner when the collector began his action, and he was not made a party nor judgment rendered against him, his interest was unaffected by the sale and in that event it was immaterial when, by whom and for what purpose, the deed was made to apparently pass his title: it was, that far, a nullity.

The first instruction given for the plaintiff was also erroneous. As a general proposition the recital of the deed that Walter as well as Rosenbaum was a defendant in the tax

suit, could not be contradicted by parol testimony. The best evidence would have to be forthcoming—the record and files in the case. But as they had been all destroyed it was perfectly competent to introduce secondary evidence of their contents. Foulk v. Colburn, 48 Mo. 225; 1 Greenleaf's Ev. (61 Ed.), sec. 510. Nor would thus proving what the judgment actually was, be in any sense an impeachment of it as the respondent argues. Nothing but the recital would be contradicted which the statutes by their language make only prima facie evidence of the truth of what it says.

It may be remarked here that the sheriff's letter to Walter, dated March 2, 1892, in which he stated that the suit for taxes was against Rosenbaum, was glaringly inadmissible against the plaintiff which had nothing to do with it so far as the record discloses.

The first of the appellant's instructions told the jury that to find the issues for the plaintiff they must first find Walter was a party defendant in the action for back taxes. The rule is that instructions must be taken together and harmonized when possible, and that omissions in those given for one side will be held supplied if contained in those given for the other. Gordon v. Burris, 153 Mo. 223. If there is no reasonable ground to apprehend that the jury were misled by an error in one which is corrected by another, the judgment will not be reversed. Fischer v. Heitzberg Co., 77 Mo. App. 108; Clark v. M., K. & T. Ry. Co. decided at the present term of this court. But by allowing this rule the widest application rationally possible, the second instruction given in respondent's behalf can hardly, we think, be held cured; at all events, as the case must be retried, it should be differently framed. It's vice consisted in more than merely omitting to require a certain finding in plaintiff's favor necessary to a recovery;

Vol 87 app—12

it denied the jury the authority to return a verdict for the defendant unless they found one fact: that there was a fraudulent insertion of Walter's name after its execution, and that, too, without purporting to hypothecate only one branch of the case, thus shutting off absolutely the other branch, the failure to make him a party to the tax-suit. When a cause is submitted on conflicting charges, the jury must necessarily decide between them and may obey the wrong instead of the right direction. The instruction requested by the respondent was wrong in this instance and so palpably apt to mislead the triers of the fact by making them lose sight of one ground of defense that it is impossible to hold the error was harmless. Flynn v. Union Bridge Co., 42 Mo. App. 529; Voegeli v. Pickel Marble & Granite Co., 49 Mo. App. 643; Mansur-Tebbetts Imp. Co. v. Ritchie, 143 Mo. 587.

No reversible error was committed in refusing the two instructions asked by appellant and not given. The first one was faulty because, it was not necessarily fatal to the deed that Walter's name was inserted after execution if it was done by the sheriff or by his direction with no bad motive. Otis v. Browning, 59 Mo. App. 326. The second was fully covered by one given.

The court rightly declined to direct a verdict for the defendant. The evidence on the several issues was conflicting and was to be weighed by the jury. We by no means regard the evidence adduced, to prove the notice of sale did not contain Walter's name, as sufficient to justify a peremptory instruction for the defendant. Mitchell v. Nodaway County, 80 Mo. 257; Harness v. Cravens, 126 Mo. 233; Curd v. Lackland, 49 Mo. 451; James v. Dickson, 21 Mo. 538.

The instruction on the measure of damages asked by appellant, and not therefore assignable as error, was not well drawn. The measure is the reasonable value of the ties in the

tree at the time of the alleged conversion with six per cent interest thereafter.   Spencer v. Vance, 57 Mo. 427; Thomas Mfg. Co. v. Huff, 61 Mo. App. 124.

For the errors noted in the instructions given the judgment is reversed and the cause remanded.   All concur.