CITY OF CARTERVILLE ex rel. RUGGLES,
Appellant, v. T. T. LUSCOMBE, Respondent.

Springfield Court of Appeals, June 3, 1912.   Motion for Rehearing
Denied, July 9, 1912.

1. EVIDENCE: Written Instrument: Alteration of Instruments:
Special Taxbills. In an action on special taxbills the defend-
ants objected to the introduction of the taxbills in evidence
upon the ground that they showed upon their face that they
had been altered. The trial court, upon an inspection of the
taxbills, held that they were not admissible without the altera-
tion, which was apparent upon their face, being first explained.
No explanation was offered and on appeal by the plaintiff the
original taxbills were by agreement presented to the appellate
court for inspection. *Held*, that nothing suspicious appeared on
the face of these taxbills and that the court erred in excluding
them, but the question as to whether or not the taxbills should
have been admitted without explanation, had the alterations
been of a suspicious character, is not decided.

2. ALTERATION OF INSTRUMENT: Presumptions: Burden of
Proof. Alterations in written instruments in the absence of
anything suspicious on their face to indicate improper action
in making the alteration, are presumed to be made at or before
the execution of the instrument and the burden is upon the
parties assailing the instrument to show an unauthorized altera-
tion.

Appeal from Jasper Circuit Court.—*Hon. Joseph D.
Perkins*, Judge.

REVERSED AND REMANDED.

*George V. Farris, Wm. F. Sapp* and *H. W. Currey*
for appellant.

(1) A taxbill may be amended at any time to
show the name of the real owner of the property, and
from that time on is prima facie evidence against the
defendant as to the validity of the charges against the
property therein described and of the liability of the
defendant. St. Joseph ex rel. v. Forsee, 110 Mo. App.

237; Galbreath v. Newton, 45 Mo. 317. (2) An alteration in an instrument is presumed to have been made before its execution, or at least contemporaneously therewith, unless there is something suspicious on its face, and in that case there is no presumption but is a fact which should be left to the court or jury. Grimes v. Whitesides, 65 Mo. App. 1; Stillwell v. Patton, 108 Mo. 352; McCormack v. FitzMorris, 39 Mo. 24; Paramore v. Lindsay, 63 Mo. 63; Wilson v. Hayes, 40 Minn. 531; Stayner v. Joyce, 120 Ind. 99, 22 N. E. 89. (3) An alteration in a taxbill does not destroy its validity as in case of other instruments, but even if made by the holder or any other person, is a matter which impairs its force as prima facie evidence. Sadtler v. Roth, 59 Mo. 400. (4) A taxbill is prima facie evidence of the regularity of the proceedings and the validity of the bill is presumed from the time of its issuance until this presumption has been overthrown by affirmative proof to the contrary. Joplin v. Hollingshead, 123 Mo. App. 602; Mexico v. Lakenan, 129 Mo. App. 180.

*McReynolds & Halliburton* for respondent.

(1) Where a taxbill is changed by some one not having authority it is not prima facie evidence and cannot be introduced in evidence. Efferstein v. King, 56 Mo. 188; Bank v. Manning, 133 Mo. App. 294. (2) While a taxbill may be amended by proper authority by changing the name of the real owner, it cannot be amended except by proper authority, and such amended taxbill is not prima facie evidence. And while the actual owner of the property may be sued upon a taxbill made out against some one else, the taxbill is not prima facie evidence. Stadler, Admr., v. Roth & Meyer, 59 Mo. 402; Farrell v. Rummelkemp, 64 Mo. App. 425; Construction Co. v. Loevy, 64 Mo. App. 430; McCormick v. Clopton, 130 Mo. App. 138. (3)

The burden is on the plaintiff in a suit on a contract to satisfactorily explain alterations therein. Kelley v. Thuey, 143 Mo. 422. (3) Where the interlineations and changes in a taxbill, public record or contract, is suspicious, as in a different handwriting or if it materially alters the instrument, such as describing different property or changing the name of the party thereof, or changing the basis of the claim, it is not prima facie evidence and plaintiff is put on his proof. Such changes nullify the instrument. Cox v. Mignery, 126 Mo. App. 669; Powell v. Banks, 146 Mo. 643; Bank v. Manning, 133 Mo. App. 294.

COX, J.—Action to recover the amount of ten taxbills issued to C. A. Ruggles, doing business under the name of Ruggles Cement Co. for the construction as contractor of certain sidewalks in the city of Carterville. The petition is in the usual form. The answer is quite lengthy but for the purposes of this appeal we need only notice one feature of it. It alleged that the taxbills for sidewalks against the lots described in the petition when issued were against the Federated Mines and Milling Co. as owners, and purported to be issued by virtue of ordinances No. 319 and 364 and were delivered to the Ruggles Cement Co. as issued, but that since their delivery, the plaintiff or his attorney had, without the knowledge of the city clerk and without any authority whatever, changed all of said taxbills by scratching out the name Federated Mines and Milling Co. and inserting therein T. T. Luscombe and by scratching out the figures 319 and writing therein the figures 311 and by scratching out the figures 364 and writing therein the figures 363 and that the taxbills filed as exhibits were not the taxbills issued by the city of Carterville. The reply was a general denial. Plaintiff offered the taxbills in evidence and defendant objected to them upon the ground that they showed upon their face that they

had been mutilated and changed and incorporated in his objection the changes as alleged in his answer. The court upon an inspection of the taxbills held that they were not admissible without the alterations which were apparent upon their face being first explained. No explanation was offered. The taxbills were excluded and judgment went in defendant's favor and plaintiff has appealed.

The question for our determination is whether the court erred in excluding the taxbills. Alterations in written instruments, in the absence of anything suspicious on their face to indicate improper action in making the alterations, are presumed to be made at or before the execution of the instrument and the burden is on the party assailing the instrument to show an unauthorized alteration. [Paramore v. Lindsey, 63 Mo. 63; Burnett v. McCluey, 78 Mo. 676; Stillwell v. Patton, 108 Mo. 352, 360, 18 S. W. 1075.]

To the above proposition counsel agree. Appellant concedes that the taxbills show on their face that alterations have been made, but contends that there is nothing suspicious about the alterations as they appear upon the face of the taxbills and hence the general rule that the alterations are presumed to have been made at or before the execution of the instrument should be applied in this case, the taxbills admitted, due credit given them and the burden of proving the defense of an unauthorized alteration cast upon defendant. Defendant contends that the alterations are in a different hand writing and different ink from the body of the taxbills and that an inspection of the taxbills will arouse suspicion that the alterations were made after delivery and that the court, was, therefore, right in requiring an explanation of the alterations before admitting them in evidence.

By agreement of counsel the original taxbills have been presented to us for our inspection and we have carefully examined them and are of the opinion

that appellant's contention that the alterations therein are not of a suspicious character is right and the court erred in excluding them. The taxbills are made out on printed forms with blank spaces in which to fill in dates, names, description of property, amounts, etc. On a very careful inspection we are clearly of the opinion that the alterations are in the same hand writing and same ink as the other written parts of the taxbills. The ink used appears to have been a dark colored ink that would make a darker line with a heavy stroke than a light one, or if the ink on the pen was nearly exhausted it would show a little lighter in color than when the pen was full. For example, in one place where the word "fifty" is written the first three letters are of much lighter shade than the last two letters. The signatures of the mayor and clerk on some of the taxbills are of a lighter shade than others but all are evidently of the same ink. In some of the bills the change in the figures are clearly the same shade of ink as the signature of the mayor or clerk. The greater part of the written parts of the taxbills are written in back hand and the words in the alterations are in back hand. In one bill the description of the property as first written reads "Lot 38 in South Carterville Mining and Milling Co's." then a line is drawn through the words "South Carterville Mining and Milling Co's." and the words "Luscombe's Addition" added so that as altered it reads "Lot 38 in Luscombe's Addition." It will be noticed that as first written the description was incomplete, and had the taxbill remained in that condition it would, no doubt, have been objected to because the description was indefinite. Evidently the party filling out this taxbill discovered that he was writing a wrong description and as soon as he made the discovery, he drew a line through the erroneous words and wrote in the correct ones. In our judgment as far as anything appearing on the face of these taxbills is concerned the other

alterations were made in the same way and for the same reason. We are clearly of the opinion that there is nothing suspicious appearing on the face of these taxbills and the court erred in excluding them. In this view of the case it is not necessary for us to pass upon the question as to whether or not the taxbills should have been admitted without explanation had the alterations been of a suspicious character. Judgment reversed and cause remanded. All concur.

