EINSTEIN, Appellant, v. HOLLIDAY-KLOTZ LAND
AND LUMBER COMPANY, Respondent.

**St. Louis Court of Appeals, April 24, 1906.**

1. **EVIDENCE: Abstract Books.**   Where the deed records of a county were destroyed by fire, abstracts were not admissible in evidence to show title, if the witnesses identifying them did not make them and could not testify that they were entered at the the time the records were examined, or that they were correct, or that they represented his recollection of the record.

2. ———: **Timely Objection.**  Objection to the introduction of certain deeds in evidence made long after they had been introduced and after the close of the evidence and after the court had held the case under advisement for several months, is too late.

Appeal from Wayne Circuit Court.—*Hon. Frank Dearing*, Judge.

REVERSED AND REMANDED.

*Warren D. Isenberg* and *Munger & Ward* for appellant.

*John H. Raney* and *James F. Green* for respondent.

BLAND, P. J.—The petition alleged, in substance, that plaintiff is the owner and in possession of the following described real estate situated in Wayne county, Missouri, to-wit: Lots 1 and 2, northwest quarter, and lot 1, northeast quarter, section 6, township 26, range 4 east; that defendant wrongfully entered upon said land and cut and removed therefrom one million feet of pine timber of the value of fifteen hundred dollars, for which judgment is prayed.

The answer was a general denial and an affirmative allegation that plaintiff has no title to the lands described in the petition.

The issues were submitted to the court who found for the defendant. Plaintiff appealed.

On the trial plaintiff dismissed the suit as to lot 1, of the northwest quarter.

Plaintiff's evidence shows that the defendant cut and removed from lot 2, of the northwest quarter, and lot 1, of the northeast quarter six hundred and eighty-nine thousand seven hundred feet of timber, worth six hundred and eighty-nine dollars and seventy cents; that no one was or had been in actual possession of the lands. To show title in himself, plaintiff introduced, first, a patent from the United States, dated August 1, 1860, granting the lands to Charles Faber. The patent was never recorded, Second, the duly certified plat book from the United States land office of the Ironton district, in which district the land is situated, showing that the lands were entered by Charles Faber. Third, a general warranty deed, dated August 15, 1860, from Charles Faber, conveying the lands to plaintiff. This deed has never been recorded in Wayne county.

Defendant claimed title to the lands, and to prove its title to lot 1, of the northeast quarter, introduced a sheriff's deed purporting to convey the interest of F. M. Seaward and Daniel Cunningham to J. N. Holladay, a deed from H. N. Holladay and wife to James F. Hatten, and a deed from Hatten and wife to defendant. To show title in lot 1, northwest quarter, in Seaward and Cunningham, at the date of the sheriff's deed, and title in lot 2, of the northwest quarter, defendant offered evidence that none of the original deeds (except such as were offered in evidence) were in possession of its officers or agents, and proved that the records of deeds in and for the county of Wayne were destroyed by fire in 1892, and then introduced E. P. Settle as a witness, who testified that prior to the destruction of the land records of Wayne county he made, in part, and had made abstracts of the deeds of record in the recorder's office of that county; that he had one Knouse in his employ for

about a year at work upon his abstract books; that he furnished Knouse with printed slips to expedite the making of abstracts of deeds from the record; that these slips were first filled out and then transcribed onto the abstract books; that he did a part of the work himself but most of it was done by Knouse. Witness testified that the abstracts were correct "so far as he knew;" that he sold his abstract books to the defendant after the destruction of the records by fire. The books themselves were produced and identified by the witness. Knouse was not produced as a witness. Over the objection of the plaintiff, defendant was permitted to read in evidence entries from the abstract books tending to show that defendant had derived title to the lands by mesne conveyance, from Charles Faber, the patentee.

1.   Plaintiff's objections to the abstract books as evidence should have been sustained. These books had no official character. They were mere private memoranda made and kept by a private individual for his own convenience and profit, and stand on no higher plane as evidence than any other private writings. Settle was not able to testify that he made the abstract read in evidence. Knouse, who probably did make them and who might have been able to so refresh his memory from them as to have qualified him to testify to the contents of the records, or to guarantee the correctness of the abstracts, was not called. Any proof is received which is not inadmissible under the rules of law, to prove the contents of a lost or destroyed document, unless the nature of the case or the opposite party can show that better evidence was previously known to the other party (1 Greenleaf on Evidence [16 Ed.), p. 700), and abstracts, if officially made, would certainly be admissible. [1 Greenleaf on Evidence (16 Ed.), sec. 563.] The abstracts offered in evidence, being nothing more than private memoranda, to warrant their admissibility as evidence, the person who made them should have been produced as a witness, and he should be able to testify that the abstracts were

entered at or about the time the records were examined, and also guarantee that they represented his recollection at the time. [1 Greenleaf on Evidence (16 Ed.), sec. 439.] Settle was not able to testify that he made the abstract, therefore, he could not say that they represented his memory of the contents of the records abstracted, nor could he guarantee the correctness of the abstracts themselves. The admissibiity of these abstract books as evidence was not raised or discussed in the case of Land & Lumber Co. v. Moss Tie Co., 87 Mo. App. 167, cited by defendant.

2. Plaintiff's objections to certain deeds read in evidence were not made until long after the deeds had been introduced and read in evidence, and after the close of all the evidence, nor until after the court had held the case under advisement for several months. The objections came too late to warrant this court to consider them.

For error in admitting the abstracts in evidence, the judgment is reversed and the cause remanded.